Mary Gertrude McManus, Plaintiff-Appellant, v. Bernard Feist, Defendant-Appellee.

Gen. No. 10,722.

Fourth District.

November 3, 1966.

Thomson, Thomson, Mirza & Watson, of Bloomington (Chester Thomson and Loren Thomson, of counsel), for appellant.

Dunn, Dunn, Goebel, Ulbrich & Hayes, of Bloomington (Frank M. Brady, of counsel), for appellee.

TRAPP, P. J.

Plaintiff appeals from a judgment in the sum of $750 entered upon the verdict of a jury.

Plaintiff contends that the trial court should have allowed her motion, made at the close of the evidence, to direct a verdict upon the issue of liability, and to con-

sider the question of damages only, and that the trial court erred in failing to allow plaintiff's post-trial motion and grant a new trial on damages only for the reason that the verdict of the jury was against the manifest weight of the evidence and "could not have included all elements of damage."

Briefly, plaintiff was riding in the right front seat of an automobile driven by her husband as it proceeded north on U. S. Route 51 at a place south of Bloomington. The car in which the plaintiff was riding had entered a 50-mile speed zone and was being slowed by "touching the brakes" as the driver of a car in front of it was making hand signals for a left turn. Plaintiff's husband testified that just prior to the collision his automobile was moving slowly, but he could not say that it was stopped. Defendant testified that he saw plaintiff's automobile and that he slowed his car by reason of having entered a posted speed zone; that he observed the plaintiff's car slowing down and that he applied his brakes as soon as he saw the brake lights of plaintiff's car. The only testimony of defendant's speed is that he was travelling 30 to 35 miles an hour as he applied his brakes at a distance of 3 or 4 car lengths behind plaintiff's car. Plaintiff's husband testified to observing some tire skid marks, but these were not connected with defendant's automobile. Jackson v. Gordon, 37 Ill App2d 41, 184 NE 2d 805.

An immediate proposition submitted by the plaintiff is that the trial court erred in denying plaintiff's motion at the close of all the evidence to direct a verdict upon the issue of liability, it being argued that there is no evidence of plaintiff's contributory negligence and that the defendant was, therefore, liable as a matter of law. Plaintiff submits that such should have been done under the authority of Smith v. Bishop, 32 Ill2d 380, 205 NE2d 461. We understand that such opinion holds that it was proper, under the facts in that case, to direct a verdict upon

102

the issue of contributory negligence on the part of the plaintiff, but that it does not hold that a verdict upon liability should be directed. See Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 212 NE2d 106; Pertolanitz v. Chicago Transit Authority, 44 Ill App2d 256, 194 NE2d 501.

On a motion to direct a verdict the court considers the evidence and its reasonable inferences in the light most favorable to the party against whom the motion is directed, and may not consider conflicts in the evidence, its weight, or the credibility of the witnesses. Battershell v. Bowman Dairy Co., 37 Ill App2d 193, 185 NE2d 340; Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 200 NE2d 128. In order that a verdict upon liability may be directed the facts must be susceptible to but one interpretation and it is improper to direct a verdict where there is a conflict in the evidence. Freeman v. Chicago Transit Authority. In that case the defendant also testified to a sudden stop made by plaintiff's vehicle. As here, the defendant testified to applying his brakes immediately upon seeing the brakes' lights on plaintiff's car. Upon this issue of liability, the jury and not the court weighs the contradictory evidence and the inferences therefrom, judges the credibility of the witnesses and draws the ultimate conclusions of fact. Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 139 NE 2d 275. The trial court's ruling upon the motion was proper.

Plaintiff contends that the damages under the verdict are so inadequate as to indicate that the jury made a compromise of damages against liability, or that it, the jury, overlooked elements of damages, and the trial court erred in refusing to grant plaintiff's post-trial motion and give a new trial on damages only.

Where it is concluded that the verdict was a compromise of damages with liability, the trial court is not authorized to grant a new trial upon damages only.

103

■■■■■■■

Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 139 NE 2d 275; King v. City of Chicago, 53 Ill App2d 484, 202 NE2d 839.

Upon the issue of the adequacy of the damages, the evidence is that the plaintiff sustained soft tissue injuries which, in its manifestations at the time of the trial limited the rotation of the head upon the neck and limited or inhibited the tilting of plaintiff's head toward the right. This condition, under the evidence, had persisted from the time of the collision in August, 1962, to the time of the trial. An orthopedic specialist testified that, currently with the trial, there was marked muscle spasms of the left cervical and trapezius muscles with limitation of the rotation of the right arm in several aspects. It was the doctor's opinion that the injuries were permanent. At the time of the injury plaintiff was 67 years of age. The treatment prescribed consisted of muscle relaxants with rest. Since the time of the injury plaintiff has done very little housework and is described as suffering discomfort while riding in an automobile. The evidence as to the amount of expense incident to care and treatment for the injuries sustained shows that the sum of $208 was expended.

Plaintiff contends that certain authorities require the conclusion that this verdict reflects a compromise by the jury as between liability and damages. In Kinsell v. Hawthorne, 27 Ill App2d 314, 169 NE2d 678, and Pertolanitz v. Chicago Transit Authority, 44 Ill App 256, 194 NE 501, counsel conceded that the verdict represented a compromise by the jury as between liability and damages. These cited authorities are not applicable to this case.

In another series of opinions, Luner v. Gelles, 314 Ill App 659, 42 NE2d 313, and Browder v. Beckman, 275 Ill App 193, the amounts of the respective verdicts were simply equal to the amounts of the special damages and out-of-pocket expense, while in Stroyeck v. A. E. Staley Mfg. Co., 26 Ill App2d 76, 167 NE2d 689, the verdict for

$100 was less than one-third of plaintiff's out-of-pocket expense. These verdicts were reversed upon the hypothesis that they demonstrated that the jury had compromised upon the issues of liability and damages. We do not believe that this case comes within the theories expressed in these cases.

■ While it appears here that the jury might very well have awarded a larger verdict under the evidence in this case, nevertheless, this verdict was greater than the out-of-pocket expense, so that we must conclude that it comes within the orbit of those authorities which hold that fixing damages is the province of the jury. Ward v. Chicago Transit Authority, 52 Ill App2d 172, 201 NE2d 750. There the verdict was for $1,000 with special damages established in the sum of $457, together with evidence that plaintiff had lost his prior employment. That judgment was affirmed, there being no evidence of passion or prejudice on the part of the jury. See also Giddings v. Wyman, 32 Ill App2d 220, 177 NE2d 641, where the facts of the collision, the injuries sustained and the verdict awarded were quite similar to this case and judgment was sustained upon appeal. Plaintiff cites Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 200 NE2d 128, but that opinion expressly points out that a new trial was awarded not because the verdict was in an inadequate amount, but because the jury finding upon a special interrogatory was inconsistent with the general verdict.

Plaintiff further urges that the amount of the verdict demonstrates that the jury failed to consider the proper elements of the damages suffered by the plaintiff, pointing out that the verdict seemed inadequate as to the factors of pain and suffering testified to by the plaintiff, and to the fact that she was deprived of the pursuit of her hobbies. Plaintiff's instruction upon the element of damages hereinafter discussed would seem to include these elements and, again, there is nothing to establish

passion or prejudice on the part of the jury. See Giddings v. Wyman and Ward v. Chicago Transit Authority.

It is particularly urged that the jury overlooked the evidence that since her injuries, plaintiff had been able to do very little housework. Jerrell v. Harrisburg Fair & Park Ass'n, 215 Ill App 273, is relied upon for the conclusion that an amount should be awarded for such element. In that opinion there was an award to plaintiff. While the opinion is not sharply focussed upon the issue, it was argued upon defendant's appeal that a married woman does not suffer financial loss because of inability to do her housework, it apparently being the contention that such would be the loss of plaintiff's husband. The court's holding that such contention was not the law does not control the question presented here.

We have examined the evidence and plaintiff's instruction upon the elements of damages with regard to this issue. The instruction contained the usual language as to fixing the amount of money reasonably and fairly compensating the plaintiff for several elements of damage, including the nature, extent and duration of the injury and the disability resulting therefrom; the pain and suffering experienced and reasonably to be expected in the future; the aggravation of any preexisting element or condition, and concludes:

> "The reasonable expense of necessary medical care, treatment and services received.
>
> "Whether any of these elements of damages has been proven by the evidence is for you to determine. Your verdict must be based upon evidence and not upon speculation, guess or conjecture."

Plaintiff's instruction did not expressly include inability to do housework as an element, although it would appear to be a reasonable expense of "services received." There is, however, nothing in the evidence relating to

106

sums expended for housework necessarily performed for plaintiff, or which might necessarily be expected to be incurred. Again, there is nothing in the evidence to give any indication of the value of such services, past, present or future, in any of the several places where plaintiff had stayed or resided since the injury occurred. Upon this record, such element of damage could only be determined by indulging in speculation and conjecture. We conclude that the authorities relied upon by plaintiff as to the jury misunderstanding the elements of damage are not helpful in this case. In Mineiko v. Rizzuto, 65 Ill App2d 35, 212 NE2d 712, it appears that the jury misunderstood the evidence relating to plaintiff's loss of wages, while in Haizen v. Yellow Cab Co., 41 Ill App2d 330, 190 NE2d 514, it appeared that the jury ignored the evidence or failed to follow the court's instructions as to damages where the evidence showed that the plaintiff lost his employment. See also Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 139 NE2d 275.

We are, therefore, unable to conclude that damages clearly proven were overlooked within the rule cited in Giddings v. Wyman, 32 Ill App2d 220, 177 NE2d 641, and Kimmel v. Hefner, 36 Ill App2d 137, 183 NE2d 13.

It is urged that the trial court erred in refusing to give plaintiff's tendered instruction No. 6. It advised the jury that the issue of contributory negligence did not apply to the plaintiff. It is to be noted that the trial court likewise refused to give defendant's tendered instruction No. 8 defining contributory negligence, and refused to submit defendant's special interrogatory relating to the negligence of the plaintiff.

 Plaintiff's refused instruction is relevant to the issue of defendant's liability, and we find it stated that the plaintiff's rights are not prejudiced by the giving or refusing of instructions where the verdict of the jury found the defendant liable. Burger v. Van Severen,

39 Ill App2d 205, 188 NE2d 373. It is the accepted rule that the refusal of an instruction is not reversible error where no prejudice is shown. Kortlander v. Chicago Transit Authority, 56 Ill App2d 48, 205 NE2d 516; Campbell v. Ragel, 7 Ill App2d 301, 129 NE2d 451.

Plaintiff relies upon Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 200 NE2d 128, as requiring reversal of this case for refusal of such an instruction. There the trial court instructed the jury upon the issue of contributory negligence of the plaintiff husband who was driving, and the plaintiff wife who was a passenger. Under the facts and evidence, the court concluded that the instruction was properly given as to the husband but should not have been given as to the wife. The opinion, however, reverses and remands solely upon the conflict between the jury's finding under a special interrogatory and its general verdict, and hence, that opinion is not authority upon the issue here.

Defendant was called as a witness under section 60 of the Civil Practice Act and during said examination testified that he had pleaded guilty to a charge of failure to reduce speed. Upon defendant's case in chief, he was asked by counsel to explain his plea of guilty, or why such plea had been made, and defendant stated that he had been told by the "judge" to plead guilty as he had no witnesses. Plaintiff urges that such testimony was hearsay and requires the reversal of this case.

The giving of an explanation as to a plea of guilty is authorized in Galvan v. Torres, 8 Ill App2d 227, 131 NE2d 367, where it is said:

". . . The defendant did not seek to explain his plea of guilty, (to assault and battery) nor was he asked by his counsel why he pleaded guilty. Such evidence would have been admissible."

Here, the issue is not the truth of the matter stated by the "judge" to the defendant and it does disclose an

explanation for defendant's act at the time the plea of guilty was made.

■■ We believe that this evidence is not hearsay, but comes within the rule that an out-of-court statement is not subject to the exclusionary effect of the hearsay rule if it is offered simply to prove that the statement was made and not to prove the truth of the matter stated. Gard, Illinois Evidence Manual, p 169, Rule 147. As is stated in Illinois Law and Practice, Vol 18, p 248, chap 7, § 111:

> "On the other hand, a witness may sometimes be permitted to relate the statement of another, not to establish the fact contained in the statement, but only to show the reason for the conduct of the witness in reliance on the statement."

See also Cleary, Handbook of Illinois Evidence (1963) § 17.4 and Benedict v. Dakin, 243 Ill 384, 90 NE 712.

■ Plaintiff urges that the judgment should be reversed because defendant's counsel directed his argument to the proximate cause of the collision as being the driving of plaintiff's husband. Upon plaintiff's objection to this argument, the trial court stated that there should be no imputation of plaintiff's husband's negligence to the plaintiff, but that defendant could argue as to his want of negligence and to the absence of the element of proximate cause under the issues. We do not believe that the fact that plaintiff might not be properly charged with contributory negligence means that proximate cause ceases to be an element necessarily proven in plaintiff's case. As we have heretofore noted, there appears to be a conflict in the evidence as to require the submission of the cause to the jury.

■■ The trial court denied a motion for a new trial. Such is a matter of sound discretion of the trial judge who has the benefit of observing the witnesses and the manner in which they testify. Morella v. Melrose

109

Park Cab Co., 65 Ill App2d 175, 212 NE2d 106. It is the established practice that a jury's verdict will be set aside only where this court is clearly satisfied that such verdict was caused by passion or prejudice, or wholly unwarranted from the manifest weight of the evidence. Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836; Jackson v. Gordon, 37 Ill App2d 41, 184 NE2d 805.

The judgment of the trial court is affirmed.

SMITH and CRAVEN, JJ., concur.