SHERILL L. FORD, Plaintiff-Appellant, *v.* FREDDIE E. BAKER, Defendant-Appellee.

Third District   No. 77-541

Opinion filed June 23, 1978.

James A. Cummings, of Peoria, for appellant.

Raymond C. Rose and Larry T. Frantz, both of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the denial of a motion for new trial and entry of judgment after a jury verdict for the plaintiff in the sum of $600.

On November 1, 1975, at approximately 10:30 p.m., the plaintiff, Sherill Ford, was driving her automobile east on McBean Street while the defendant, Freddie E. Baker, was driving his automobile west on McBean Street. A large truck was parked in the westbound lane. When the defendant attempted to pass the truck, he struck the plaintiff's vehicle which had been kept in the eastbound lane.

The plaintiff sustained injuries to her forearm and neck. She testified that the swelling and injury to her forearm healed after a couple of months but the neck injury caused her pain and suffering as well as restriction of motion and difficulty in continuing her daily activities.

James J. Flaherty, M.D., testified that there had been some restriction of movement in the neck and spine and that this had improved after treatment. He said that the plaintiff could expect some discomfort and headaches and some motion restriction for up to two years or more following the injury.

Hugh J. McMenamin, M.D., also testified that the plaintiff had restriction of movement in the neck and that this improved with treatment. He said she would tend to have recurrences.

The special damages incurred by the plaintiff were $537.99. The jury rendered a verdict for $600. The plaintiff moved for additur or new trial and this was denied.

The sole issue raised in this appeal is whether the trial court abused its discretion in denying a motion for new trial where the verdict was inadequate, unfair and unreasonable.

■■ The granting of a motion for new trial is a matter of discretion for the trial court. (*Mount v. McClellan* (1968), 91 Ill. App. 2d 1, 234 N.E.2d 329.) We will not reverse the trial court's ruling unless we find an abuse of discretion, that is, unless we find no reasonable basis in the evidence to support the ruling of the trial court.

The plaintiff has not argued that the jury was improperly instructed. Therefore, we will assume that the jury was improperly instructed. When the jury has been properly instructed, both trial and reviewing courts are reluctant to set aside the amount of the jury verdict. (*McManus v. Feist* (1966), 76 Ill. App. 2d 99, 221 N.E.2d 418.) Both courts are well aware that many factors, including credibility of the witnesses, are considered by the jury in reaching its verdict. However, when the jury renders a verdict and the amount of damages is palpably inadequate, justice requires that that verdict be set aside and a new trial ordered. *Kelley v. Cross* (1967), 79 Ill.

App. 2d 342, 223 N.E.2d 555; *Ryan v. Hoffman* (1972), 7 Ill. App. 3d 621, 288 N.E.2d 255; *Haleem v. Onate* (1966), 71 Ill. App. 2d 457, 219 N.E.2d 94.

In order to determine whether the jury verdict on the amount of damages is inadequate, we must consider the record as a whole. Counsel for both parties have analyzed for us the case law on inadequate damages. We have also examined those cases. The rule set forth in the cited cases is that jury verdicts which are palpably inadequate may be set aside and the only basis for determining whether damages are palpably or obviously inadequate is the sound judgment of the one considering the evidence as a whole.

There is case law supporting judgments as adequate where the amount of damages awarded was less than the amount of special damages claimed (*Haleem v. Onate; Mount v. McClellan*); where the amount of damages awarded was only slightly more than the amount of special damages claimed (*Olson v. Fleetwood* (1970), 116 Ill. App. 2d 411, 254 N.E.2d 271); and, where the amount of damages awarded was the same as the special damages claimed (*Kelley v. Cross*). There is also case law setting aside the verdicts of the jury as inadequate where the damages awarded were more than the special damages claimed. *Haizen v. Yellow Cab Co.* (1963), 41 Ill. App. 2d 330, 190 N.E.2d 514; *Kinsell v. Hawthorne* (1960), 27 Ill. App. 2d 314, 169 N.E.2d 678; *Luner v. Gelles* (1942), 314 Ill. App. 659, 42 N.E.2d 313; *Montgomery v. Simon* (1941), 309 Ill. App. 516, 33 N.E.2d 642; *Rapp v. Kennedy* (1968), 101 Ill. App. 2d 82, 242 N.E.2d 11; *Borkstrom v. South Shore Garages, Inc.* (1944), 323 Ill. App. 285, 55 N.E.2d 402; *Mineiko v. Rizzuot* (1965), 65 Ill. App. 2d 35, 212 N.E.2d 712.

In those cases in which damages were found to be adequate the court, after reviewing the record, found that the jury had a reasonable basis for its decision: credibility of the witnesses (*Haleem v. Onate*); prior medical complaints (*Olson v. Fleetwood*); inadequate proof of causation (*Mount v. McClellan*), or, nonpermanent injuries (*Kelley v. Cross*).

In those cases in which damages were found to be inadequate the court, after reviewing the record, found that the jury had disregarded certain of the instructions; had ignored the evidence; had arrived at a compromise verdict; or had been prejudiced in determining the amount of the damages, all in view of the seriousness of the injuries. The court found no reasonable basis for an award of less than $25 for a $7,000 per year decrease in salary resulting from a change in employment because of injuries (*Haizen v. Yellow Cab Co.*); slightly more than $3,000 for loss of vision in one eye (*Kinsell v. Hawthorne*); $2.10 for limitation of function of the right leg which would become progressively worse (*Luner v. Gelles*); approximately $300 for permanent paralysis of the right leg (*Montgomery v. Simon*); $250 for loss of rotation of right shoulder (*Rapp v. Kennedy*);

$130 for fractured skull (*Borkstrom v. South Shore Garages, Inc.*); and $156.51 for shortening of the ribs and an osteoarthritic condition of the back (*Mineiko v. Rizzuto*).

Thus, the reviewing court will examine the record to determine the basis upon which the jury decided its verdict. The court will not, however, substitute its judgment for that of the jury. If the jury was properly instructed and had a reasonable basis for its award, the reviewing court will not disturb the verdict. It is only where the jury had no reasonable basis for its verdict and the award is obviously inadequate, that the reviewing court will set aside the verdict.

We have carefully considered the record in the case at bar. The plaintiff suffered an injury to her cervical spine. The injury did require medical treatment, but she apparently saw her physicians only nine times during a 15-month period. There was testimony that her pain was reduced and her condition improved.

We believe that the jury here could reasonably believe that the pain suffered by the plaintiff was such that she required little monetary compensation. Since we believe that the jury had a reasonable basis for its award, we find no abuse of discretion in the denial of a new trial.

■■ The plaintiff has also complained about the form of the jury verdict. The verdict form read, "We, the Jury, find for the Plaintiff and against the Defendant. We assess the damages in the sum of $600.00 *for medical expenditures only.*" (Italicized portion written by jury.) She argues that this indicates that the jury did not consider all the evidence. We do not agree, since we believe that the jury could reasonably consider all the evidence and still determine that only minimal compensation was required.

For the reasons stated above, the judgment of the Circuit Court of Peoria County is hereby affirmed.

Affirmed.

STENGEL and STOUDER, JJ., concur.