RONALD TERRACINA, Plaintiff-Appellant, *v.* JO ANN CASTELLI, Defendant-Appellee.

First District (5th Division)    No. 78-1698

Opinion filed December 28, 1979.—Rehearing denied February 26, 1980.

Joe Conforti, James Demos, and James M. Tourek, all of Chicago, for appellant.

Parrillo, Bresler, Weiss & Moss, of Chicago (David J. Weiss, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

A jury awarded plaintiff damages of $2,000 in a personal injury action arising out of a collision of automobiles. He appeals from the judgment entered on the verdict contending that (1) the court erred (a) in permitting defendant to present evidence as to a subsequent accident of plaintiff and (b) in striking certain testimony of Dr. Moody, a plaintiff witness; (2) defense counsel's closing argument prejudiced plaintiff; and (3) the damages were inadequate as a matter of law.

Plaintiff testified that the collision, in which his car was struck in the rear, occurred in July 1973 and, as a result, he experienced neck pain and headaches and later developed severe, intermittent pain in his lower back; that he received medical treatment from a Dr. Ostroff and an orthopedic surgeon (Dr. West), who treated him for several months including five days of hospitalization; that he had a $750 loss of earnings because of inability to work for three weeks; and that he incurred $815.55 in medical expenses. He also testified that in January 1976 he fractured his elbow, wrist and ankle as a result of a 14-foot fall from a scaffold while working in California, but that he did not injure his back at that time.

Dr. Robert Moody, a neurosurgeon called by plaintiff, testified that he examined plaintiff just prior to trial and diagnosed his condition as "chronic full back strain and possible protruded disc at the L-5 S-1 junction, pressing on the S-1 nerve root." In answer to hypothetical questions, he gave opinions that plaintiff's back condition was permanent and might or could have been caused by the automobile collision, that he had a "possible protruded disc" and that future surgery was possible. He testified, however, that he had no opinion as to whether the 14-foot fall in the California accident might or could have caused the condition of plaintiff's back because he "didn't see him after the second accident and there is no way for me to make an accurate opinion about that." On cross-examination, he answered that it was more probable than not that the 14-foot fall would have an effect on plaintiff's spinal column, with the severity depending on how the person landed. On motion of plaintiff at the conclusion of Dr. Moody's testimony, the court struck his testimony that future surgery was "possible" and that plaintiff had a "possible protruded disc."

478

Dr. Robert Stone, an orthopedic surgeon called by defendant, was given a series of hypothetical questions which, among other things, included a reference to plaintiff's 14-foot fall from the scaffold in California. He gave opinions that there were no findings given him to indicate a cause of plaintiff's condition at time of trial, as the findings given were based solely on subjective complaints; and that plaintiff was more likely to have sustained an injury to his spinal column from such a 14-foot fall than from the automobile collision described, in which it was stated that there was no contact between plaintiff's body and any part of the car.

Prior to trial, plaintiff made an oral motion *in limine* to exclude testimony relative to the 14-foot fall. The motion was denied and then, at the close of his case, when plaintiff moved to strike testimony relating to the California accident, the trial court reserved its ruling on this motion.

OPINION

Plaintiff initially contends that the trial court erred in rulings concerning the California accident. He first asserts that the court abused its discretion in denying his motion *in limine* to exclude any reference to that accident.

A motion *in limine*, made before trial, seeks an order excluding certain evidence on the ground that it is inadmissible (*Department of Public Works & Buildings v. Sun Oil Co.* (1978), 66 Ill. App. 3d 64, 383 N.E.2d 634; *Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 359 N.E.2d 752), and its grant or denial is a matter within the trial court's discretion (*People v. McClain* (1978), 60 Ill. App. 3d 320, 376 N.E.2d 774). ■■ In the instant case, plaintiff's motion *in limine* was supported only by his answer to an interrogatory stating, "I was injured on the job on January 14, 1976 in a 14 foot fall in Los Angeles breaking my right ankle, my right elbow and my right wrist." Plaintiff's counsel argued that because defendant had not obtained the California accident medical records, she would not be able to show that his back was injured at that time and, thus, she should not be permitted to inquire concerning that occurrence. The court pointed out, however, that plaintiff could give a hypothetical question to a qualified doctor based upon facts developed from the testimony of plaintiff and other witnesses and ask for an opinion as to the possible relationship between the California accident and plaintiff's present condition. We note that in his answers to interrogatories, plaintiff made no specific statement that he did not injure or receive treatment for his back in the California accident and that defendant's attorney informed the court that he was prepared to prove that the fall aggravated plaintiff's condition. Under these circumstances, the court did not abuse its discretion in the denial of plaintiff's motion *in limine*. ■■ Second, plaintiff makes a general statement that "a multiplicity of error occurred during the course of the trial stemming directly from the refusal of the court to grant the appellant's motion *in limine*." He does not, however,

specify any particular error but makes only the broad statement that defendant did not establish a relationship between the California accident and plaintiff's condition at the time of trial. A general statement of this type presents no issue for review. Error is never presumed by a reviewing court (*Aetna Life Insurance Co. v. Strickland* (1975), 33 Ill. App. 3d 52, 337 N.E.2d 285), and a party bringing a cause for review must not only specify the error complained of but show it from the record (*Lill Coal Co. v. Bellario* (1975), 30 Ill. App. 3d 384, 332 N.E.2d 485).

■ Plaintiff does argue that the court erred in not granting his motion at the close of his case to strike the testimony elicited concerning the California accident, for the reason that no relationship between that accident and plaintiff's condition had been shown. The court reserved ruling on that motion, and our search of the record fails to disclose any subsequent ruling or request therefor by plaintiff. It is well established that when the court reserves a ruling, the movant must seek a decision or ruling in order to preserve the motion for review. (*In re Annexation of the Village of Downers Grove* (1974), 22 Ill. App. 3d 122, 316 N.E.2d 804; *Trisko v. Vignola Furniture Co.* (1973), 12 Ill. App. 3d 1030, 299 N.E.2d 421.) In the absence of a ruling here, we reject plaintiff's contention that the court erred in not granting plaintiff's motion to strike.

■■ Third, plaintiff contends for the first time in his reply brief that the court erred in overruling his objection to certain testimony of Dr. Stone relating to the California accident. Dr. Stone was defendant's expert and, during his direct examination, the following colloquy took place:

"[Defendant's attorney]: Doctor, would it be more probably true or not true that the fall of that kind as opposed to being involved in an accident while associated in the cushioned seat and struck from the rear at such a force that there was no contact made with any part of the car, which would be more probably true than not true, to have an affect on an individual's spinal column?

MR. CONFORTI [plaintiff's attorney]: Objection. Your honor, I believe that question is speculative in nature."

The court overruled this objection but, because plaintiff failed to raise this issue in his original brief, he has waived this point on review. (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7); see also *Collins v. Westlake Community Hospital* (1974), 57 Ill. 2d 388, 312 N.E.2d 614.) In any event, we reject this contention as we believe no prejudice resulted from the reference to the 14-foot fall because it had previously been brought to the jury's attention by plaintiff. His attorney mentioned it in his opening statement, plaintiff testified to it in his direct examination, and Dr. Moody (plaintiff's witness) testified on cross-examination (in response to a hypothetical question) that it was more probable than not that the 14-foot fall had an effect on plaintiff's spinal column.

Plaintiff next asserts that the court erred in striking testimony of Dr. Moody that further surgery for plaintiff was possible.

In determining damages, all of the consequences of the injury—future as well as past—are taken into consideration (*Lauth v. Chicago Union Traction Co.* (1910), 244 Ill. 244, 91 N.E. 431); however, possible future damages are not recoverable by the plaintiff unless they are reasonably certain to follow (*Harp v. Illinois Central Gulf R.R. Co.* (1977), 55 Ill. App. 3d 822, 370 N.E.2d 826; *Burnett v. Caho* (1972), 7 Ill. App. 3d 266, 285 N.E.2d 619). Thus, evidence as to damages which is speculative, remote, or based upon mere possibility is improper. *York v. Grand Trunk Western R.R. Co.* (1979), 71 Ill. App. 3d 800, 390 N.E.2d 116.

■■ This court, in *Manion v. Brant Oil Co.* (1967), 85 Ill. App. 2d 129, 136-37, 229 N.E.2d 171, 175, stated:

> "Again, the standards in decisions of our courts are that the causal connection between the injury sustained must not be contingent, speculative or merely possible, but that there must be such degree of probability as to amount to a reasonable certainty that such causal connection exists. * * *
>
> > 'Mere surmise or conjecture cannot be regarded as proof of an existing fact. * * * Expert witnesses can only testify or give their opinion as to future consequences that are shown to be reasonably certain to follow.' "

Here, the question did not call for an opinion based upon a reasonable degree of medical certainty nor did the answer indicate that future surgery was reasonably certain to follow. Rather, in response to the question, "[I]n your opinion based on the hypothetical question previously asked of you, do you believe that Mr. Terracina is a candidate for future surgery?" Dr. Moody replied, "It's possible." Accordingly, we believe that the court properly struck this testimony as being speculative.

Next, plaintiff argues that he was prejudiced by the following comment in defense counsel's closing argument: "I wish we had subpoena power over California records." This statement, made in connection with a discussion of the treatment plaintiff received in California for injuries sustained in the 14-foot fall, was not objected to by plaintiff. The failure to object to allegedly improper remarks made in closing argument constitutes a waiver thereof. (*McElroy v. Force* (1967), 38 Ill. 2d 528, 232 N.E.2d 708; *Eckley v. St. Therese Hospital* (1978), 62 Ill. App. 3d 299, 379 N.E.2d 306; *Chloupek v. Jordan* (1977), 49 Ill. App. 3d 809, 364 N.E.2d 650.) However, the waiver rule may be relaxed where the argument of counsel is so inflammatory and prejudicial as to deteriorate the judicial process (*Bruske v. Arnold* (1969), 44 Ill. 2d 132, 254 N.E.2d 453, *cert. denied* (1970), 398 U.S. 905, 26 L. Ed. 2d 65, 90 S. Ct. 1697; *Balestri v. Highway & City Transportation, Inc.* (1978), 57 Ill. App. 3d 669, 373 N.E.2d 689), or the remarks are of such a character so as to

deprive the opposing party of a fair trial (*McElroy v. Force*; *Johnson v. Chicago Transit Authority* (1973), 11 Ill. App. 3d 16, 295 N.E.2d 573).

■ While the comment in question here was improper, we do not view it to be so prejudicial that the waiver rule should be relaxed, first, because any prejudice was tempered by the comments of plaintiff's counsel and the court during rebuttal closing argument, as follows:

> "MR. CONFORTI: And I still insist that we did not hide the fact of this fourteen foot fall. I insist that if there is anything that is untrue about what Mr. Terracina said on the witness stand, that the defense had a right to bring in that evidence to refute anything with respect to an aggravated condition; and they didn't do it, and they had almost a year to do it in.
>
> MR. MOSS: Your honor, I object, I have no way of subpoenaing records from California. I don't think its right for counsel to imply I do.
>
> THE COURT: Well, that's true, but there may be other methods, counsel.
>
> MR. CONFORTI: There are other methods, and those methods are to go out there. And Mr. Terracina came in here from California. There's no reason why the defense could not have made a trip out there to look at those records with authorization."

Second, the jury was instructed to disregard any arguments, statements, or remarks of counsel whch had no basis in the evidence.

Plaintiff finally contends that judgment on the verdict in the amount of $2,000 is inadequate as a matter of law, because (1) it was only $500 above his medical expenses and loss of earnings; and (2) it was the result of improper speculation as to the effect of his subsequent accident on the condition of his back at the time of trial.

Traditionally, unless improper instructions had been given or evidence had been erroneously excluded, courts have been reluctant to overturn a jury's determination of damages when the award is within the range of the evidence (*Tipsword v. Johnson* (1978), 59 Ill. App. 3d 834, 376 N.E.2d 85; *Brown v. St. John's Hospital* (1977), 51 Ill. App. 3d 1044, 367 N.E.2d 155), and only verdicts which are palpably inadequate warrant judicial intervention (*Robin v. Miller* (1978), 67 Ill. App. 3d 656, 384 N.E.2d 889; *Jumer v. Henneberry* (1978), 61 Ill. App. 3d 422, 377 N.E.2d 1328).

*Ford v. Baker* (1978), 61 Ill. App. 3d 45, 377 N.E.2d 853, is cited by plaintiff in support of his contention that the verdict is inadequate as a matter of law because it is only $500 more than the uncontroverted special damages incurred. However, in *Ford* the court stated:

> "There is case law supporting judgments as adequate where the amount of damages awarded was less than the amount of special damages claimed [citations]; where the amount of damages awarded

was only slightly more than the amount of special damages claimed [citation]; and, where the amount of damages awarded was the same as the special damages claimed [citation]." 61 Ill. App. 3d 45, 47, 377 N.E.2d 853, 854-55.

■■ We note here that neither of plaintiff's treating doctors testified, and the only medical witnesses appearing were experts—Dr. Moody, for plaintiff and Dr. Stone, for defendant. Both testified without objection that it was probable that the 14-foot fall had an effect on plaintiff's back. Dr. Stone also stated that plaintiff was more likely to have sustained an injury to his back from the fall than from the described automobile collision and that the findings of Dr. Moody were not a cause for the back complaints of plaintiff. Under such circumstances, we cannot say that the verdict was palpably inadequate.

For the reasons stated, the judgment is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.