**Thamara FENOLIO, Plaintiff-Appellant,**

v.

**Charles SMITH and Colcord-Wright Machinery & Supply Company, Defendants-Appellees.**

**No. 86–1091.**

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1986.

Decided Sept. 23, 1986.

Donald W. Urban, Sprague Sprague & Ysura, Belleville, Ill., for plaintiff-appellant.

Edward J. Szewczyk, Donovan Hatch & Constance, P.C., Belleville, Ill., for defendants-appellees.

Before WOOD and COFFEY, Circuit Judges and SWYGERT, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Appellant Thamara Fenolio was the plaintiff in this diversity action following an automobile accident which left her with severe injuries and some permanent disfigurement. The jury returned a verdict for Fenolio and against the defendants on the issue of liability and awarded Fenolio damages of $125,000. Fenolio had sought damages of $920,000. Fenolio appeals the damage award, contending that misleading statements by the defendants' counsel during closing arguments resulted in a damage award which was against the manifest weight of the evidence.

### I.

Because the issues in this case concern only the amount of damages, we need only summarize briefly the facts of the automobile accident. On June 19, 1980, Thamara Fenolio was a passenger in Ron Stephenson's car. Stephenson's car was following a vehicle driven by defendant Charles Smith, who at the time was an employee of defendant Colcord-Wright Machinery & Supply Company of Missouri ("Colcord-Wright") and was engaged in the business of Colcord-Wright. While Stephenson was attempting to pass Smith's vehicle, Smith negligently pulled out to pass the vehicle in front of him, hitting Stephenson's car and causing the accident. Fenolio suffered severe injuries to her hand, neck, and back, and was hospitalized for over one month. Over the next several years, Fenolio under-went eight surgeries on her hand and received extensive treatment and physical therapy for all her injuries.

Fenolio sued Smith and Colcord-Wright in Illinois state court, and the defendants had the case removed to federal court. At the trial, which began on November 5, 1985, the defendants apparently contested solely the issue of liability and did not attempt to controvert Fenolio's medical evidence of the severity of the injuries she suffered in the accident. Fenolio sought $920,000 in damages. The jury returned a verdict for Fenolio, but awarded damages of only $125,000. Fenolio appeals only the issue of damages.

### II.

Fenolio's appeal is based primarily upon one small portion of the closing argument by defendants' counsel. Fenolio argues that comments by defendants' counsel were improper and prejudicial, and that the trial court erred by not striking the comments and immediately instructing the jury. In a somewhat related matter, Fenolio claims that the damage award was against the manifest weight of the evidence.

Fenolio's first argument is based upon the following portion of the closing argument by Michael Constance, the attorney for the defendants:

MR. CONSTANCE: ... And as His Honor addressed you early in this case, he stated to you one of his admonitions would be that the affairs of life and the things that happen to you in your affairs of life, you are encouraged to take into that jury room. It's not a sterile operating room, ladies and gentlemen. You don't leave your common sense out on the sidewalk before you go in that room to decide the dispute that you have before you. And by not leaving your common sense out on the sidewalk, counsel here has put all these figures and how he has arrived at these figures, and for all the future potential, but all of us know that you can go down to the bank and you can buy a

bond due in the year 2010, and get 11 percent for it. So that the money that you are given now ...

MR. YSURSA: Your Honor I am going to object. He is giving the present cash value argument which does not apply under the law to disfigurement or disability but it would of course to the medical expenses and I would like to distinguish.

MR. CONSTANCE: I am not giving anything like a present value argument, Your Honor. I am pointing out what can be done with the money.

THE COURT: Proceed.

MR. CONSTANCE: For instance on the $90,000 figure, at 11 percent, that will generate nearly $10,000 a year, you know, for the rest of her life. These are things that can be done with figures.

After these brief statements, which came at the beginning of Constance's closing argument, he said nothing else about damages.

■ Under Illinois law,[1] it is clear that an award of *future* damages is to be reduced to present-day cash value, but an award of damages for disfigurement, disability, and pain and suffering is not to be reduced to present-day cash value. *See Allendorf v. Elgin, Joliet & Eastern Railroad Co.*, 8 Ill.2d 164, 133 N.E.2d 288, *cert. denied*, 352 U.S. 833 (1956); *Avance v. Thompson*, 387 Ill. 77, 55 N.E.2d 57, *cert. denied*, 323 U.S. 753 (1944). The comments of defendants' counsel were therefore improper because they failed to distinguish which types of damages were subject to reduction to present value.[2] Under Illinois law, however, improper statements in closing argument do not automatically warrant a new trial. *People v. Stahl*, 26 Ill.2d

403, 406, 186 N.E.2d 349 (1962). We must decide whether the improper comments by defendants' counsel influenced the jury in such a way that substantial prejudice resulted to the plaintiff. *Id.; Holsapple v. Country Mutual Insurance Co.*, 112 Ill. App.3d 512, 445 N.E.2d 909, 912 (5th Dist. 1983) (to be reversible, error must be substantially prejudicial and affect outcome of trial).

■ The potential prejudice to Fenolio comes from the possibility that the jury may have uncritically accepted the suggestion that "common sense" required them to reduce all the damages, or at least some types that should not have been reduced, to present value. The comments of defense counsel, although brief, might be sufficiently prejudicial to require reversal in some cases, but we find that several factors weigh against a finding of prejudice in this case.

Although, on the record before us, the response of the trial court appears somewhat ambiguous, Fenolio, in her brief, concedes the court's comment sustained her counsel's objection to the improper argument, but contends that the trial court should have immediately admonished the jury to disregard defendants' statements. Although an admonishment from the bench would have been preferable, we note that Fenolio's attorney correctly stated the law in his objection, defense counsel did not dispute plaintiff's statement of the law, and the trial judge indicated his agreement. Counsel for the defendants did not affirmatively misstate the law as much as he failed to make a complete statement of the law. Fenolio's counsel corrected the incomplete

---

1. The parties agree that Illinois law governs this case.

2. Defendants present several imaginative explanations of why the comments by their attorney Constance fell within the "considerable latitude" afforded counsel during closing arguments.

*See Tracy v. Village of Lombard,* 116 Ill.App.3d 563, 451 N.E.2d 992, 1002 (2d Dist.1983). All of defendants' arguments are meritless, however, because their attorney had no latitude to misstate the law.

statement of law by distinguishing which types of damages could or could not be reduced to present value. Because the outcome of the colloquy was a correct statement of the law, the potential prejudice from the defendants' incomplete statement of the law was substantially lessened.

Moreover, the plaintiff was protected from the possibility of prejudice by the jury instructions. The plaintiff does not claim the instructions were inadequate. The trial court clearly instructed the jury in detail on how to calculate damages, including a specific instruction that "[d]amages for pain and suffering, disability and disfigurement are not reduced to present cash value." The court also instructed the jury to disregard any "argument, statement or remark" by counsel that was not based on the record. These instructions, along with the plaintiff's immediate objection at the time of the improper comments, left the jury with a clear, correct statement of the law and thus cured any prejudice.

The plaintiff's final argument on this issue is that defendants' counsel attributed a greater burden of proof to plaintiff in his closing argument than was proper under the law. We disagree. This case is not like *Bulleri v. Chicago Transit Authority*, 41 Ill.App. 95, 190 N.E.2d 476, 478–79 (1st Dist.1963), where counsel for the plaintiff, in closing argument, told the jury several times that it could resolve all doubts in favor of the plaintiff. In this case, counsel for the defendants did not misstate the burden of proof—he merely made an incomplete statement about how the jury ought to calculate damages. Therefore, *Bulleri* is not relevant to our analysis of whether defense counsel's statements necessitated a new trial.

The second issue presented by Fenolio's appeal is whether, even if defense counsel's statements were not prejudicial, the award

of damages was so low as to be against the manifest weight of the evidence. We cannot order a new trial on damages merely because we, as a reviewing court, believe the jury's award was too low. The assessment of damages is particularly within the province of the jury as the trier of fact, a province in which we do not intrude unless the damages awarded are "palpably inadequate." *Atchley v. Berlen*, 87 Ill.App.3d 61, 408 N.E.2d 1177, 1181 (3d Dist.1980); *Terracina v. Casstelli*, 80 Ill.App.3d 475, 400 N.E.2d 27, 32 (1st Dist.1979); *Beatty v. Wierus*, 40 Ill.App.3d 356, 352 N.E.2d 34, 38–39 (2d Dist.1976); *Kallas v. Lee*, 22 Ill.App.3d 496, 317 N.E.2d 704, 710 (1st Dist.1974).

■ Although plaintiff's injuries were unquestionably severe, the award of damages was not so low as to be palpably inadequate. As the district court noted, the plaintiff's argument boils down to the claim that the jury awarded too little for pain, suffering, and disfigurement. The award covered all of the plaintiff's out-of-pocket losses and provided some damages for intangible losses and future losses. Moreover, the jury awarded the plaintiff damages for each of the five itemized damage categories on the verdict form, indicating that the jury specifically considered each aspect of the plaintiff's injury claim.[3] Based upon the record, we cannot say that the damages were palpably inadequate.

■ Although the defendants did not contest the plaintiff's damage evidence at trial, it does not follow that the plaintiff was entitled to receive the full amount of damages she requested. *See Brooks v. City of Chicago*, 106 Ill.App.3d 459, 435 N.E.2d 1182 (1st Dist.1982). Damages for disfigurement, pain and suffering, and the like are very difficult to quantify and the jury had a responsibility to determine what

---

**3.** The jury assessed the damages as follows:

| | |
|---|---|
| Disability resulting from the injury | $35,000.00 |
| Disfigurement resulting from the injury | $16,000.00 |
| Pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury | $20,000.00 |
| Reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future | $40,000.00 |
| The value of earnings and profits | $14,000.00 |
| TOTAL | $125,000.00 |

it believed to be a reasonable figure to compensate the plaintiff for each of those items. Although the plaintiff's medical experts established, with no contrary evidence presented by the defendants, that the plaintiff was entitled to some damages for each of the five elements claimed, the jury was not bound by the plaintiff's suggested amounts merely because the defendants failed to offer their own suggested amounts. As we noted above, the jury awarded Fenolio some damages for each element of damages she claimed, and we cannot say that the amounts were palpably inadequate.

The decision of the district court is

AFFIRMED.