46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Toby NEPHEW & Cathel Bacon, Plaintiffs-Appellants,
v.
CITY OF ROCK ISLAND, et al., Defendants-Appellees.
 No. 94-1427.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 15, 1994.
Decided Dec. 23, 1994.
 
 Before COFFEY, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The principal issue of this appeal is the adequacy of jury damages awarded to plaintiffs-appellants Toby Nephew and Cathel Bacon. Toby Nephew, through his mother Cathel Bacon, brought an action against the defendants-appellees, including City of Rock Island police officer Ronald Willems, under 42 U.S.C. Sec. 1983. The case was tried on its merits in the district court and a jury found in favor of Nephew and against Willems on a claim of excessive use of force. The jury awarded Nephew $530.26 which equaled the total amount of stipulated medical expenses incurred by Bacon on behalf of Nephew as a result of the incident. The jury also returned a verdict in favor of Bacon and against Willems but awarded zero damages. Nephew filed a motion for new trial which was denied by the magistrate judge and now appeals. We affirm the denial of Nephew's motion for a new trial.
 
 BACKGROUND
 
 2
 On March 20, 1990, an altercation took place between Nephew, who was fourteen years old at the time, and an individual named Joe Brown. The altercation was broken up by the members of the Rock Island police force, including Officer Willems. Nephew testified that during the altercation he looked up and was hit in the left eye, then hit in the head several times with an object and thrown to the ground where he was handcuffed. Nephew was taken to the police station and later released to his mother. Nephew was not charged with violating any law stemming from the altercation.
 
 
 3
 After Nephew was released from the police station, he was taken to the Franciscan Hospital emergency room where x-rays of his head and hand were taken and he received treatment for a swollen eye and cuts on his back. Nephew was treated by Dr. Myron Fields at the emergency room and again at Dr. Fields' office. In all, Nephew was treated by Dr. Fields a total of two or three times for his physical injuries. Nephew also saw Dr. Ritterhoff, a counselor by the name of Reese James, and another counselor for psychiatric treatment in relation to the incident.
 
 
 4
 In regard to his physical injuries, Nephew introduced photographic exhibits detailing his injuries and both Nephew and his brother, Derrick Nephew, testified that Nephew's eye remained swollen and darkened for nine and a half to ten months. In regard to the psychological impact of the incident, Nephew testified that prior to the incident he was not afraid of the police but now is withdrawn and distrustful of the police. Bacon and Derrick Nephew also testified that after the incident Nephew was frightened of the police and timid around police and that Nephew had previously not feared the police. The record before this court does not reflect that Dr. Fields, Dr. Ritterhoff, or the other counselors testified at trial or that any other form of expert medical testimony was presented by Nephew.
 
 
 5
 Bacon testified at trial that she had not paid the hospital bill for Nephew's emergency room treatment and had no recollection of whether she paid Dr. Fields for the subsequent visits. Bacon did not testify as to the payment of Nephew's psychiatric counseling. The parties entered into a stipulation that the total medical expenses incurred by Bacon on behalf of Nephew were $530.26. The record before this court does not reflect that any bills or receipts confirming this amount were presented to the jury.
 
 
 6
 At the close of the trial, the jury was instructed that if they found for Nephew and against Willems on the question of liability for use of excessive force they "must fix the amount of money which will reasonably and fairly compensate .... [Nephew] for any bodily injury and resulting pain and suffering, mental anguish and loss of capacity of the enjoyment of life experienced in the past and which you find from the evidence that he is reasonably certain to suffer in the future." (R. 36) In regard to Bacon's claim, the jury was instructed that if they found for Bacon against Willems the verdict "should include the reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Cathel Bacon for her child." Id. The jury returned a verdict in favor of Nephew finding Willems liable for using excessive force and awarding him $530.26 in damages. The jury also found in favor of Bacon but awarded no damages.
 
 ANALYSIS
 
 7
 "Because the decision whether to grant a new trial is committed to the discretion of the district court, 'the grant or denial of a motion for new trial is not subject to review by [the court of appeals], except upon exceptional circumstances showing a clear abuse of discretion.' " E.E.O.C. v. Century Broadcasting Corp., 957 F.2d 1446, 1460 (7th Cir.1992) (quoting General Foam Fabricators, Inc. v. Tenneco Chems., Inc., 695 F.2d 281, 288 (7th Cir.1982)). Nephew had failed to show any such exceptional circumstances and we find no abuse of discretion by the magistrate judge. The proper inquiry under the abuse of discretion standard "is not how the reviewing court would have ruled if it had been considering the case in the first place, but rather whether any reasonable person could agree with the district court." Id. (quoting United States v. U.S. Currency in the Amount of $103,387.27, 863 F.2d 555, 561 (7th Cir.1988)).
 
 
 8
 Once a jury has returned a verdict, a court may grant a motion for new trial "only when the jury's verdict is against the clear weight of the evidence." Byrne v. Bd. of Educ., School of West Allis, 979 F.2d 560, 568 (7th Cir.1992) (citations omitted). A jury's assessment of damages may be reviewed on the basis of the amount of the verdict when the award is "palpably inadequate"; the jury has clearly ignored proof of an element of damages or contravened the court's instructions; there is no rational connection between the award of damages and the evidence; or the jury's verdict is obviously the product of passion and prejudice. See Rosario v. Livaditis, 963 F.2d 1013, 1021 (7th Cir.1992), cert. denied, 113 S.Ct. 972 (1993); Superbird Farms Inc. v. Perdue Farms Inc., 970 F.2d 238, 247 (7th Cir.1992); Fenolio v. Smith, 802 F.2d 256, 259 (7th Cir.1986); Moore's Federal Practice, Sec. 59.08 (2d. ed. 1993). Evidence of damages is reviewed in a light most favorable to the verdict. Mercado v. Ahmed, 974 F.2d 863, 866 (7th Cir.1992); Blumenfeld v. Stuppi, 921 F.2d 116, 118 (7th Cir.1990).
 
 
 9
 We find no grounds for disturbing the jury's verdict. In light of the evidence presented at trial, particularly Bacon's testimony that she did not pay for Nephew's emergency room treatment and the lack of any evidence as to the cost of Nephew's psychiatric counseling sessions, we do not find the jury's award of zero damages to Bacon either palpably inadequate or against the clear weight of the evidence. Similarly, the mildness of Nephew's injuries and the discretion afforded the jury in the calculation of damages under 42 U.S.C. Sec. 1983 provide an adequate basis for the jury's award of $530.26 damages to Nephew.
 
 
 10
 For the foregoing reasons the magistrate judge's denial of a motion for new trial is AFFIRMED.