(No. 20358.—

JOHN GILLS, Appellee, *vs.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed December 18, 1930—Rehearing denied Feb. 6, 1931.*

POPE & DRIEMEYER, for appellant.

HARRY FAULKNER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

John Gills, alias Jack Gills, (hereafter referred to as plaintiff,) obtained a verdict in the circuit court of Madison county against the New York, Chicago and St. Louis Railroad Company, (hereafter designated as defendant,)

for $1200. The court rendered judgment on the verdict and defendant appealed to the Appellate Court for the Fourth District. That court affirmed the judgment, and a certificate of importance having been granted by that court, an appeal has been perfected to this court to review the record.

This was an action for damages to the person and to the automobile of plaintiff, caused by a collision with one of defendant's passenger trains. The case was submitted to the jury on the third and fourth counts of the declaration. The third count charged defendant operated a railroad through Madison county which crossed a certain road or highway leading northwardly from the Edwardsville road and across defendant's right of way; that the road had been used across defendant's right of way daily by a great number of people for many years, of which use the defendant well knew; that defendant carelessly and negligently operated its train, and as a result there was a collision with plaintiff's automobile which he was driving on the highway at the railroad crossing and the damaging of plaintiff and his car. The fourth count differs slightly from the third, and charges the train was driven to and over the crossing without any warning or signal of its approach.

The facts are, that the highway which crosses the railroad is called the Buehler road and extends north from the Edwardsville road across defendant's right of way and leads to a settlement of houses north of the tracks. There are five railroad tracks crossing the Buehler road, and the tracks extend in an easterly and westerly direction parallel with the Edwardsville highway and about 300 feet north thereof. The first track on the south side is defendant's main track, the second is its side or passing track, then there are two tracks of another railroad, and north of them is the track of the Illinois Traction System. The Traction System has a station there, called Buehler station. The highway had been in use for fifteen or more years. The cross-

ing is planked and cindered and defendant had knowledge of its existence. Plaintiff was returning home from a shopping trip to Granite City about four o'clock one afternoon during the latter part of January, 1929. He was driving a Model-T Ford coupe and turned off of the Edwardsville road into the Buehler road. He stopped at a mail-box and proceeded north toward the railroad crossing. A freight train of defendant was proceeding easterwardly along the second or passing track. The engine was emitting smoke and the moving train was making a noise. Plaintiff stopped near the crossing to wait for the freight train to pass, and after it passed he looked to the right and to the left, saw nothing approaching and started over the crossing. As he got on the crossing a passenger train, consisting of an engine and two coaches and which was running west, struck his car. The testimony was that it gave no warning of its approach by ringing a bell or blowing a whistle. Plaintiff was a man thirty-two years of age and possessed good hearing and good eyesight. He testified he looked both ways and never saw the approaching train; that the freight train which he waited on to pass before he drove onto the crossing had from thirty to fifty cars in it; that he stopped approximately thirty-five feet from the south track; that before he started to cross the track he looked in both directions for approaching trains and saw none; that he heard no whistle or bell; that his eyesight and hearing were good; that he was driving slowly as he started to cross the track and after he got on the track he saw the train, which struck his car and carried him several hundred feet down the track; that the train came to a stop and plaintiff was rescued from his position; that his car was demolished and he was personally injured rather severely; that he was treated in a hospital two weeks and was then taken home and cared for by a nurse five or six weeks; that he suffered a good deal of pain, and that his injury was in the pelvis and he was otherwise bruised in his body. He also testified he lost twenty-

five pounds; that when he was well he was earning eight or ten dollars a day; that the reason he did not see the approaching train, he thought, was because of the background of the freight train and the smoke of the locomotive that had just passed; that there were from thirty to fifty cars in the freight train, and that when he looked up and down the track after the freight train passed he thought he was in the clear and saw no approaching train.

There was other testimony that the road had been used for several years and led to a settlement and to the Buehler station and that it was used every day by people crossing the tracks; that the crossing was planked and cindered, and that no bell was rung or whistle sounded as the passenger train approached.

At the conclusion of the evidence by plaintiff defendant offered no testimony but asked for an instruction directing a verdict, which motion the court overruled, and the cause was submitted to the jury on the plaintiff's testimony. The contention of defendant here is that the court should have directed a verdict for defendant because of the contributory negligence of the plaintiff, and the argument in support of that contention is that a railroad crossing is known to be a dangerous place and must be approached with the amount of care commensurate with the known danger, and that a traveler attempting to cross railroad tracks on a highway crossing is required to use due care and caution.

The opinion of the Appellate Court, in violation of the rules, is omitted from the briefs and abstract.

The Supreme Court of the United States in *Baltimore and Ohio Railroad Co.* v. *Goodman,* 275 U. S. 66, laid down the rule that when a man goes on a railroad track he knows he goes to a dangerous place, and if he cannot otherwise be sure of the approach of a train he must get out of his vehicle and walk ahead and look. If he does not do so he is crossing at his own risk. This court held in *Greenwald* v. *Baltimore and Ohio Railroad Co.* 332 Ill.

627, that one who has an unobstructed view of an approaching train is not justified in failing to look or in crossing the railroad track relying upon the sounding of a bell or whistle; that where the view is not obstructed the law will not tolerate the absurdity of allowing a person to testify he looked but did not see the train, if by the proper exercise of sight he could have seen it; that the question of due care on the part of the plaintiff is one for the jury when there is any evidence given on the trial which, with any legitimate inference that may be legally and justifiably drawn therefrom, tends to show the use of due care, but where the evidence, with all legitimate inferences that may be legally and justifiably drawn therefrom, does not tend to show due care on the part of the plaintiff, the trial court is justified in instructing the jury to return a verdict for defendant.

The whole question in this case depends upon whether the trial court erred in not directing a verdict for defendant. If there was any evidence tending to show due care, it was, of course, the duty of the court to submit the case to the jury, and the verdict, after having been approved by the Appellate Court, should be affirmed in view of the fact that defendant offered no testimony whatever. The verdict of the jury and the judgment of the Appellate Court affirming the judgment of the circuit court will be conclusive on this court if the case was properly submitted to the jury. *Chicago and Northwestern Railway Co.* v. *Hansen,* 166 Ill. 623.

Counsel for defendant have attempted to distinguish *Gibbons* v. *Aurora, Elgin and Chicago Railroad Co.* 263 Ill. 266, which was decided some twenty years ago, from this case by the fact that in the *Gibbons case* plaintiff was driving a team of horses and had to give his attention to his team, while in this case plaintiff was driving a car and it needed no attention when he stopped to wait for the passing of the freight train. Only where the court can say that it

460

was the only reasonable inference which can be drawn from the facts should a verdict be directed. Plaintiff in this case testified that he both looked and listened for an approaching train. It has been held that as a matter of law it cannot be said that a traveler is bound to look or listen, because there may be circumstances excusing him from doing so. (*Chicago and Northwestern Railway Co.* v. *Hansen, supra.*) The facts in that case are somewhat similar to the facts in this case. In that case the court said, that what particular thing a person is bound to do for his protection in the diversity of cases that may arise and what a reasonably prudent person would do for his own safety must be left to a jury as a question of fact.

We are of opinion that there was no error in refusing to direct a verdict, and as that is true, the judgment of the Appellate Court affirming the judgment of the circuit court is conclusive upon us. *Judgment affirmed.*