Louis Provenzano, Appellant, v. Illinois Central Railroad Company, Appellee.

Gen. No. 35,098.

Opinion filed November 24, 1931.

GUERINE & BRUST, for appellant; GUY C. GUERINE and SIDNEY R. TARKOFF, of counsel.

FRED H. MONTGOMERY and HERBERT J. DEANY, for appellee; EDWARD C. CRAIG and VERNON W. FOSTER, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The plaintiff, Louis Provenzano, sued the defendant, Illinois Central Railroad Company, a corporation, in case to recover damages for injuries to his person and for the destruction of his motor truck, sustained on August 18, 1928, when his truck, which he was driving, was struck by a train of the defendant, at a crossing in Hillside, Illinois. The case was tried before the court, with a jury, and at the conclusion of the plaintiff's evidence, the court, on motion of the defendant, directed a verdict for the defendant. From a judgment entered upon the verdict the plaintiff has appealed.

The amended declaration consisted of three counts. The first charged the defendant with the operation of a train across a public highway without giving the statutory warnings and signals. The second charged the

defendant with general negligence in the operation of its train. The third charged the defendant with operating its train across a public highway in a wilful and wanton manner.

The plaintiff contends that the trial court erred in directing a verdict for the defendant at the close of the plaintiff's evidence. It is a well settled rule of law in this State that if there is any evidence in the record from which, if it stands alone, the jury could, without acting unreasonably in the eye of the law, find that all of the material averments of the declaration have been proved, then the cause should be submitted to a jury. (See *Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *McFarlane v. Chicago City Ry. Co.,* 288 Ill. 476; *Walldren Express & Van Co. v. Krug,* 291 Ill. 472.) The evidence for the plaintiff tends to prove the following facts: At the time of the accident the defendant operated a single track line through the Village of Hillside, Cook county, Illinois. Harrison street runs east and west. The track runs northwest and southeast *and crosses Harrison street at a sharp angle.* The crossing is known as the Harrison street crossing. There were no gates, nor signal lights nor watchman at the crossing. East of the crossing this street "ran down a hill" towards the railroad track for a distance of a quarter of a mile. At that point the street was about 40 feet east of the track and was from 15 to 25 feet lower than the track. From there to the track the street went up a steep incline. The road, as it passed over the track, was hardly wide enough for two trucks to pass each other. On the day of the accident several trucks were engaged in hauling stone and building material from the Hillside quarry, situated about three-quarters of a mile east of the crossing, to various places in the Village of Hillside. The plaintiff was familiar with the crossing and in his occupation as a truck driver passed over it as often as six or seven times a day. His eyesight and hearing were good. The brakes

on his truck were in "good working order." Plaintiff loaded his truck with six or seven tons of building material at the stone quarry and then proceeded west on Harrison street, and as he reached the incline, about 40 feet from the track, he looked "in the back to see if anything was coming," and to his left along the track, but neither saw nor heard a train. The train in question came from the southeast and at the crossing was proceeding in a northwesterly direction. A short distance east of the crossing the track is built through a cut or defile. The plaintiff testified that "the track from the east comes out of a cut and runs up almost parallel with Harrison street," and that the train that struck him was going "practically in the same direction" that he was. As we have heretofore stated, the track crosses the street at a sharp angle. The plaintiff further testified that as he approached the crossing he could see the track east of the crossing for a distance of about 200 feet and that to his left there was "a big cut that this train comes out of . . . and there is a green house there, and willow trees and trees of all sorts that obstructs the view"; that one cannot see a train where it comes out of the cut because of bushes and trees; that the trees were about 10 feet high, "close together and in length about 15 feet"; that at the bottom of the incline he looked both ways as far as he could but neither saw nor heard anything of a train; that he then threw his truck in second speed and proceeded very slowly up the incline. From a point on the incline 20 feet east of the crossing he again "took a look," but neither saw nor heard anything; that between that point and the time he got to the top he "was looking just as far as he could"; that he was also obliged to watch the road, as it is narrow and a truck was coming down from the track; that when he got near the top he saw another truck waiting to come eastward across the track; that as his truck reached the

track he first saw the train, and in a second it struck him. The evidence for the plaintiff also showed that no bell was rung nor whistle blown on the train prior to the collision and that the train as it crossed the street was going between 50 and 60 miles per hour. During the trial the defendant admitted that the train was going at the rate of 50 miles per hour. The plaintiff further testified that he had never seen this passenger train pass that crossing before the day of the accident.

In our judgment it is idle for the defendant to argue that the plaintiff's evidence did not make a case of prima facie negligence against the defendant. We assume that the trial court directed a verdict for the defendant upon the theory that the plaintiff's evidence showed that he was guilty of contributory negligence. The motion of the defendant was in effect a demurrer to the evidence. It is the established rule of law of this State that in cases of this kind the question as to whether or not a person was guilty of contributory negligence is generally one of fact for the jury and becomes a question of law only when the evidence so clearly fails to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. After carefully considering the evidence that bears upon the question of his care at and just before the time of the accident, we have reached the conclusion that the trial court erred in holding that the plaintiff was guilty of contributory negligence as a matter of law. The defendant strenuously argues that the case of *Greenwald v. Baltimore & Ohio R. Co.,* 332 Ill. 627, controls the instant contention and that the trial court, in view of the decision in that case, was justified in holding that the plaintiff, under the evidence, was guilty of contributory negligence as a matter of law. We cannot agree with this contention of the defendant. The facts in the two cases

are not similar. In the *Greenwald* case the court held that "one who has an unobstructed view of an approaching train is not justified in closing his eyes or failing to look, or in crossing a railroad track in reliance upon the assumption that a bell will be rung or a whistle sounded. . . . The law will not tolerate the absurdity of allowing a person to testify that he looked but did not see the train when the view was not obstructed, and where, if he had properly exercised his sight, he must have seen it," and the court held that in that case it was "clear from the testimony of plaintiff's witnesses, taken in its most favorable light, that plaintiff's agents, had they continued to look toward the southeast after going upon the tracks, *would have seen the approaching train in ample time to have avoided the collision.*" (Italics ours.) In the late case of *Gills v. New York, C. & St. L. R. Co.,* 342 Ill. 455, the court said that what particular thing a person is bound to do for his protection when traveling over a railroad track at a grade crossing in the diversity of cases that may arise, and what a reasonably prudent person would do for his own safety, must be left to a jury, as a question of fact; that if there is any evidence which, with any legitimate inference that may be drawn therefrom, tends to show due care on the plaintiff's part, the defendant is not entitled to a directed verdict at the close of plaintiff's evidence. In the instant case, before the plaintiff finished his proof, two witnesses, a photographer and an engineer, were permitted to testify on behalf of the defendant *as a matter of convenience to the latter.* It was distinctly understood, however, that this evidence was introduced at that time by the defendant without prejudice to its right to make its motion for a directed verdict at the close of the plaintiff's case. In this court, to sustain its position that the trial court did not err in holding that the plaintiff was guilty of contributory negligence, the defendant has seen fit to constantly refer to this testi-

mony. The trial court would have no right to consider this testimony in passing upon the motion to direct a verdict, and neither have we the right to consider it upon this appeal.

The judgment of the circuit court of Cook county is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

GRIDLEY, P. J., and KERNER, J., concur.