Terry Lee McEVERS,
Plaintiff-Appellant,

v.

MISSOURI PACIFIC RAILROAD
COMPANY, a corporation,
Defendant-Appellee.

No. 75–1018.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 23, 1975.

Decided Dec. 11, 1975.

Gordon Lambert, Marion, Ill., for plaintiff-appellant.

John B. Gunn, Belleville, Ill., for defendant-appellee.

Before TONE and BAUER, Circuit Judges, and HOFFMAN, Senior District Judge.*

JULIUS J. HOFFMAN, Senior District Judge.

The plaintiff McEvers appeals from a judgment entered against him upon the granting of the defendant railroad's motion for a directed verdict at the close of the plaintiff's case. He sought recovery for personal injuries sustained when the truck he was driving was struck by one of defendant's trains at an unguarded rural grade crossing in Jackson County, Illinois. The District Court ruled that his evidence established contributory negligence as a matter of law. We disagree, and reverse.

The decision turns upon the facts. Jurisdiction rests upon diversity of citizenship, and the action was re-

---

* The Honorable Julius J. Hoffman, Senior District Judge for the Northern District of Illinois, is sitting by designation.

moved to the District Court below from the Williamson County Circuit Court of the state of Illinois, where the accident occurred. Illinois law controls, and establishes that the usual duty of a highway traveler to stop, look, and listen at a railroad crossing may be qualified, or even excused, by the existence of "facts such as obstructions to view or distractions that might mislead" the driver. *Tucker v. New York, Chicago & St. Louis R.R.*, 12 Ill.2d 532, 536, 147 N.E.2d 376, 378 (1958). When such obstructions or misleading conditions appear, "it is for the finder of fact to determine whether he acted prudently." *Coleman v. Illinois Central R.R.*, 59 Ill.2d 13, 17, 319 N.E.2d 228, 231 (1974).

 Since the verdict was directed at the close of the plaintiff's case, without the presentation of defendant's evidence, the question of plaintiff's due care must be determined upon his evidence alone, "viewed in its aspect most favorable" to plaintiff. *Pedrick v. Peoria and Eastern R.R.*, 37 Ill.2d 494, 510, 229 N.E.2d 504, 513–14 (1967). Plaintiff testified that he stopped his truck some thirty feet from the rear rail of the track. From that point of observation, his view of the tracks to his right, whence the train approached, was impaired by a small signal relay shack, six feet square and eight and one-half feet tall, maintained by the railroad on its right of way some 433 feet from the crossing. Near that point the track curved from the signal shack, heading directly away from the plaintiff's position. With this turn in the tracks according to plaintiff's witnesses, the approaching train was traveling directly toward the signal shack, on a course coinciding with his line of sight toward the shack, so that his view of the head-on train was blocked.

In addition to this evidence of obstructed view, there was some evidence of misleading conditions. Near the point where the track curved, a siding or passing track branched off on plaintiff's side of the track, extending in a straight path, more or less, along the line of the main track as it crossed the highway. Viewed from plaintiff's observation point, this siding was visible while the curved main track was not, and a driver might be misled by these conditions into believing that there was only one track. He might thus be unaware even that his vision was obstructed, and he might be lulled into the belief that he could see clearly the only track on which a train might be approaching.

 After stopping, looking, and seeing no train, plaintiff proceeded up the slight grade toward the tracks in lowest gear, at a speed of only about two miles per hour with his load of twenty tons of coal. He did not look again to his right for an estimated ten or twelve seconds, an estimate consistent with the speeds and distances. At that moment his front wheels were on the track, and the locomotive was a little more than 200 feet away. He accelerated but the train collided with the truck at the junction between tractor and trailer. The crossing was guarded only by the conventional fixed wooden crosstrack sign, marked "railroad crossing." There were no gates, flagmen, or warning signals to be actuated by an approaching train. There was evidence that no whistles or bells were sounded from the train until the instant of collision.

Upon this evidence, the District Court ruled that plaintiff was guilty of contributory negligence as a matter of law since he failed to look again to his right during the ten or twelve seconds of his final approach to the track, and since he would have had an unobstructed view of the approaching train at any point within twenty-five feet of the tracks. But Illinois law does not impose a duty to look continuously. While it does not "tolerate the absurdity of permitting a plaintiff to say he looked and did not see the approaching train, when had he looked he would have seen it", Illinois requires that plaintiff's due care must be submitted to the jury when he has offered evidence of obstructions to view or misleading conditions sufficient to "render plausible his assertion that he looked but did not see the train." *Tucker v.*

*New York, Chicago & St. Louis R.R.,* 12 Ill.2d 532, 535–36, 147 N.E.2d 376, 378 (1958).

Upon this evidence alone, we cannot conclude that no jury finding that plaintiff exercised due care could ever stand. Whether plaintiff could have seen the top of the approaching locomotive over the roof of the signal house, and, if so, whether he was negligent in failing to see it, and whether he was sufficiently familiar with the layout near the crossing so that he could not claim to have been misled, are questions committed to the jury's determination, not ours. It follows that the judgment must be reversed and the case remanded.

Reversed and remanded.