Mark R. COOK, Plaintiff-Appellant,

v.

Frederick B. HOPPIN, Defendant-Appellee.

No. 85–1853.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 24, 1985.

Decided Feb. 7, 1986.

---

Brent D. Holmes, Harlan, Heller, Ltd., Mattoon, Ill., for plaintiff-appellant.

Richard H. Narup, Heckenkamp, Simhauser & Brake, P.C., Springfield, Ill., for defendant-appellee.

Before WOOD and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

HARLINGTON WOOD, JR., Circuit Judge.

Plaintiff-Appellant Mark R. Cook ("Cook") brought this diversity action to recover for injuries he sustained while at an apartment complex in Lincoln, Illinois. Cook had travelled to Lincoln from Indiana to attend a friend's wedding. While in Lincoln, Cook had made arrangements to stay at the apartment of Larry and Debbie Alley. The apartment complex was owned by Defendant-Appellee Frederick B. Hoppin ("Hoppin").

At trial, Cook testified that he fell while climbing an exterior stairway that led to the Alleys' upstairs apartment and landed on a concrete sidewalk below. As a result of the fall, Cook sustained a probable basilar skull fracture and suffers from a permanent hearing impairment. Cook brought suit against Hoppin alleging that the stairway had been negligently constructed and maintained. After a jury trial, a verdict was returned in Hoppin's favor. Thereafter, Cook filed a post-trial motion requesting that the district court grant judgment notwithstanding the verdict on the issue of Hoppin's negligence and a new trial on the issue of Cook's alleged contributory negligence and on the issue of damages. In the alternative, Cook sought a new trial on all issues.

Cook premised his motion on five grounds. First, he contended that the district court erroneously admitted the testimony of Denise Glossop. At the time of Cook's fall, Glossop lived with her then husband Clifford Felton in an apartment just below the apartment rented by the Alleys. Glossop testified that she had heard during one evening in the winter of 1979 two men arguing and had later seen a man lying on the ground near the spot where Cook had fallen. She was unable to place the incident within any strict time frame and could not identify Cook as the individual she had seen lying on the ground. Indeed, the parties stipulated that Glossop's ex-husband, who also had seen someone lying on the ground, was prepared to testify that the individual was not Cook. Cook argued, among other things, that the probative value of Glossop's testimony was far outweighed by its prejudicial effect and that such testimony was therefore inadmissible.

Second, Cook contended that certain statements contained in his hospital records indicating that he had been injured "while engaged in a shoving or wrestling match" were inadmissible hearsay not subject to any exception to the hearsay rule. He maintained, therefore, that the district court improperly admitted these statements into evidence. Third, Cook contended that the district court erred in allowing Hoppin to argue to the jury that Cook was contributorily negligent for failing to use the interior stairway to the Alleys' apartment. Fourth, Cook contended that the court's jury instruction on "mere accident" was violative of the governing substantive state law. Finally, Cook alleged in his motion that he was entitled, as a matter of law, to a finding that Hoppin was negligent in the design, construction and maintenance of the exterior stairway.

The motion was denied and Cook appealed to this court raising the same five issues. For the reasons stated below, we reverse the decision of the district court and remand for a new trial.

I.

In a diversity action, "the standard for reviewing a trial court's disposition of a motion for a new trial is controlled by

federal law...." *Robison v. Lescrenier*, 721 F.2d 1101, 1104 (7th Cir.1983). It is well-established that "[t]he authority to grant a new trial is confided almost entirely to the discretion of the trial court." *Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir.1985) (citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980) (per curiam)). The district court's denial of a motion for a new trial should be overturned, therefore, only where the circumstances reveal a clear abuse of discretion.

Cook's first contention is that the district court did abuse its discretion in admitting the testimony of Denise Glossop. Cook initially relies on Fed.R.Evid. 901(a). In pertinent part Rule 901(a) provides:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

We find Cook's reliance on Rule 901(a) inapposite.

■ Rule 901(a) is applicable to offers of real proof as opposed to testimonial proof. *See* 5 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 901(a)[01], at 901–15 (1983). Pursuant to Rule 901, items such as tape recordings, writings, records, and the like, must be authenticated and identified before they are admitted into evidence to ensure that the offered evidence is relevant to the issues being litigated. *See* Advisory Committee Note to Fed.R.Evid. 901(a). In the absence of some showing of a connection between the proffered real evidence and the material issues in the case, "the evidence is simply irrelevant." 5 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 901(a)[02], at 901–20 (1983). In the instant case, however, we are dealing with the questionable relevance of Denise Glossop's testimony as opposed to the relevance of any proffered real evidence. Accordingly, Cook's argument that Glossop's testimony should be excluded on the basis of Rule 901 simply misses the mark.

Apart from his reliance on Rule 901, Cook also argues that Glossop's testimony should have been excluded as irrelevant pursuant to Fed.R.Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R. Evid. 401. In examining Cook's relevancy contention, the district court concluded that although Glossop could not identify Cook as the individual lying on the ground, "the likelihood of two such occurrences happening in one winter is no reason to strike her testimony" as irrelevant. The court did acknowledge that the parties had stipulated that Glossop's ex-husband's testimony would in part contradict her own testimony. Nonetheless, the court found that this went to the weight of Glossop's testimony and that the evidence was sufficiently relevant to be admissible.

■ After reviewing the record, we conclude that the district court did not abuse its discretion in denying Cook's motion for a new trial on grounds that Denise Glossop's testimony was erroneously admitted. In our judgment, the court properly concluded that Glossop's testimony, because it might aid a jury in determining what occurred prior to Cook's fall, "possesses sufficient probative value to justify receiving it in evidence." Advisory Committee Note to Fed.R.Evid. 401.

Finally, Cook appears to argue that even if Glossop's testimony is relevant, that it should have been excluded on grounds that "its probative value is substantially outweighed by the danger of unfair prejudice...." Fed.R.Evid. 403. In a situation where the probative value of certain evidence is sufficiently outweighed by its prejudicial effect, Rule 403 provides for its exclusion even though the evidence may be undeniably relevant. *See* Advisory Committee Note to Fed.R.Evid. 403. Although Glossop's testimony is not without its problems, we find that the district court did not abuse its discretion in ruling that the testimony was admissible.

Cook's argument to the contrary appears to be based upon a false assumption that all prejudicial evidence is automatically excluded under Rule 403. We have no doubt that Glossop's testimony, to the extent that it indicates that Cook's fall might have been the result of his own negligence, is prejudicial to his case. By its very nature, however, "[r]elevant evidence is inherently prejudicial" to one side or the other involved in litigation. *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979). *Accord Crawford v. Edmonson*, 764 F.2d 479, 484 (7th Cir.1985) (U.S. appeal pending); *United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir.1985). Rule 403 was never intended to exclude relevant evidence simply because it is detrimental to one party's case; rather, "the relevant inquiry is whether any *unfair prejudice* from the evidence substantially outweighs its probative value." *United States v. Hattaway*, 740 F.2d 1419, 1425 (7th Cir.) (emphasis added), *cert. denied*, —— U.S. ——, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984).

It is well settled that evidence is unfairly prejudicial only if it "will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented...." *Medina*, 755 F.2d at 1274. *See* Advisory Committee Note to Fed.R.Evid. 403. "Evidence that appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action may cause a jury to base its decision on something other than the established propositions in the case." 1 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 403[03], at 403-33-39 (1985) (footnotes omitted). This is the type of evidence that Rule 403 excludes as being unfairly prejudicial. *See United States v. Zeuli*, 725 F.2d 813, 817 (1st Cir.1984).

In the instant case, we find nothing in Glossop's testimony that would tend to induce the jury to make its decision on such an "improper basis." Accordingly, we hold that the district court did not abuse its discretion under Rule 403 in allowing the jury to hear this testimony. *See United States v. Serlin*, 707 F.2d 953, 959 (7th Cir.1983) (trial judge is accorded broad discretion in balancing probative value against prejudicial effect in determining the admissibility of evidence); *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716, 722-23 (11th Cir.1982) (noting that Rule 403 should be used only sparingly to exclude otherwise relevant evidence), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1774, 76 L.Ed.2d 346 (1983).

Cook's second contention is that the district court erroneously admitted statements contained in his medical records indicating that he had been involved in "a shoving or wrestling match" just prior to his fall from the stairs. In ruling that the records were admissible, the district court relied in part on the business records exception to the hearsay rule, Fed.R.Evid. 803(6). We find that in relying on this exception the district court abused its discretion.

In pertinent part, Rule 803(6) excludes from the hearsay rule

[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

In order for evidence to be admissible under Rule 803(6), it must be "transmitted by" a declarant "with knowledge" in the ordinary course "of a regularly conducted business activity...." As one court has noted, "this encompasses only declarants— like nurses or doctors in the case of hospitals—who report to the recordkeeper as part of a regular business routine in which they are participants." *Petrocelli v. Galli-*

**690**

*son,* 679 F.2d 286, 290 (1st Cir.1982). Since the act of a hospital patient in relating his own medical history "is not part of a 'business routine' in which he is individually a regular participant," *id.,* his statements are not admissible under Rule 803(6). Similarly, statements made by members of the patient's family or by his friends in relating medical history are likewise inadmissible.

 In Cook's situation, although the true identity of the person who made the statements is unknown, it is clear that it was not any member of the hospital staff acting in their capacity in the ordinary course of business. Indeed, the district court concluded that someone who had brought Cook to the hospital had made the statements. Accordingly, the court abused its discretion in admitting the statements in Cook's medical records pursuant to Rule 803(6).

 Hoppin nonetheless contends that the records are admissible pursuant to the medical records exception to the hearsay rule, Fed.R.Evid. 803(4).[1] We disagree. Rule 803(4) excludes from the hearsay rule "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." By its own terms, Rule 803(4) does not exclude from the hearsay rule statements relating to fault which are not relevant to diagnosis or treatment. *Roberts v. Hollocher,* 664 F.2d 200, 204 (8th Cir.1981). *See* Advisory Committee Note to Fed.R.Evid. 803(4). The test, when examining whether statements contained in medical records relating to the cause of an injury are admissible hearsay, is whether such statements are of the type reasonably pertinent to a physician in providing treatment. *See United States v. Iron Shell,* 633 F.2d 77, 83 (8th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). In deter-

mining which statements are relevant to diagnosis or treatment, each case must be examined on its own facts, and in making such a judgment much will depend on the treating physician's own analysis. 4 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 803(4)[01], at 803–147 (1985).

 In Cook's case, his physician testified that the statements relating to the alleged "wrestling match" were not of the type medical personnel generally rely on in making a diagnosis and providing treatment. Hoppin presented no evidence to rebut this assertion. Moreover, Cook's physician testified that he had not relied on these statements in his treatment of Cook. Based on this testimony, we find the statements inadmissible pursuant to Rule 803(4).

Although we find the statements contained in Cook's medical records inadmissible under either Rule 803(6) or Rule 803(4), we do note that the district court also admitted the statements under the "catchall" exception to the hearsay rule, Fed.R.Evid. 803(24). Rule 803(24) excludes from the hearsay rule

> [a] statement not specifically covered by any of the foregoing exceptions [to the hearsay rule] but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

 Apart from the other considerations embodied in Rule 803(24), we conclude that the statements in Cook's medical records lack the necessary "circumstantial guarantees of trustworthiness." In determining whether a statement is sufficiently reliable for purposes of Rule 803(24), a

---

**1.** The district court apparently did not rely on Fed.R.Evid. 803(4) in finding that Cook's medi- cal records were admissible.

court should examine, among other factors, "the probable motivation of the declarant in making the statement," "the circumstances under which it was made," as well as "the knowledge and qualifications of the declarant." 4 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 803(24)[01], at 803-376-77 (1985). In the instant case, however, the identity of the declarant is unknown as are the precise circumstances under which the declarant made the statements contained in Cook's medical records. The declarant's statements themselves may have been based on hearsay. The district court could only speculate as to the identity of the declarant. Like the district court, we are consequently not even in a position to begin to analyze whether the statements have the requisite "circumstantial guarantees of trustworthiness." We therefore find that the district court abused its discretion in admitting the statements pursuant to Rule 803(24).[2]

▮▮▮ To this point we have concluded that the district court erred in admitting the statements contained in Cook's medical records. This error alone, however, does not automatically entitle Cook to a new trial. The improper admission of evidence provides a basis for granting a new trial only if the error is prejudicial. 6A J. Moore, *Moore's Federal Practice* ¶ 59.-08[2], at 59-83 (1985). *See Huff v. White Motor Corp.*, 609 F.2d 286, 291 (7th Cir. 1979). We believe that there is no doubt that the statements concerning the shoving or wrestling match that were erroneously admitted here are prejudicial to Cook's action. Indeed, relying on these statements alone a reasonable jury could conclude that it was Cook's negligence, as opposed to negligence in the design and maintenance

of the stairway, that was the proximate cause of his injury. Accordingly, we reverse the judgment of the district court and remand the case for a new trial. In doing so we note that Glossop's testimony about hearing an argument and then seeing a man at the bottom of the stairs is not inconsistent with what appears in the medical records. It may in fact be what actually happened, and therefore Cook should not recover. We cannot, however, gloss over the requirements for the admission of medical records which as a general rule are solidly grounded.

## II.

▮▮▮ Although we conclude that Cook is entitled to a new trial for the reasons stated above, we nonetheless, in an attempt to provide guidance on remand to the district court, reach the remaining issues Cook raises in arguing that a new trial is necessary. Cook also maintains that the trial court erroneously allowed Hoppin to argue that Cook was contributorily negligent. Hoppin contended that Cook's failure to use an interior stairway to reach the Alleys' apartment, as opposed to the exterior stairway which he in fact used, constituted contributory negligence. In a diversity action such as this one, the substantive law of negligence of the state in which the injury occurred controls. *See, e.g., McEvers v. Missouri Pacific Railroad Co.*, 528 F.2d 220, 221 (7th Cir.1975). We therefore look to Illinois law for guidance in assessing Cook's claim.

In *Alvis v. Ribar*, 85 Ill.App.2d 1, 421 N.E.2d 886, 896–98, 52 Ill.Dec. 23, 33–35 (1981), the Illinois Supreme Court adopted

**2.** Hoppin also argues that Cook waived his right to object to the admission of the medical records because, after his motion *in limine* to bar admission of the records was denied, he placed the entire contents of the records into evidence. We find Hoppin's contention without merit.

Fed.R.Evid. 103(a) requires that a timely objection to the admission of evidence be made in order to preserve the right to challenge such admission on appeal. We find that Cook did

preserve the right to appeal by filing a motion *in limine* to bar admission of the medical records. Once the court determined that such records were admissible, however, Cook was free "to treat this ruling as the law of the case" and to seek admission of the records himself without waiving his earlier objection to their admission. *United States v. Rios,* 611 F.2d 1335, 1339 n. 4 (10th Cir.1979). *Accord Reyes v. Missouri Pacific Railroad Co.,* 589 F.2d 791, 793 n. 2 (5th Cir.1979).

the pure form of comparative negligence.[3] "Under the theory of comparative negligence the plaintiff/injured party must account to the defendant for injuries which resulted from his own negligence." *J.L. Simmons Co. v. Firestone Tire & Rubber Co.*, 126 Ill.App.3d 859, 467 N.E.2d 327, 334, 81 Ill.Dec. 627, 634 (3d Dist.1984). Consequently, a plaintiff's negligence "does not operate to bar his recovery altogether," as it would under the common-law doctrine of contributory negligence, but rather serves only "to reduce his damages in proportion to his fault." W. Prosser and W. Keeton, *Prosser and Keeton on Torts* § 67, at 472 (Lawyer's ed. 1984).

Cook acknowledges that negligence on his part would reduce any recovery he received. Nonetheless, he contends that the district court erred in even allowing Hoppin to argue to the jury that his failure to use the interior stairway was contributory negligence, because, as a matter of law, evidence of such a failure to use a safer alternative is not evidence of negligence. We find Cook's argument without merit. "It is not decisive that a safer course of action may have been available or that the course chosen entailed certain hazards. The crucial issue is whether the choice of action was unreasonable." *Schoondyke v. Heil, Heil, Smart & Golee, Inc.*, 89 Ill. App.3d 640, 411 N.E.2d 1168, 1173, 44 Ill. Dec. 802, 807 (1st Dist.1980). It is well-established that the question of reasonableness is one generally left to the jury. *See Kincl v. Hycel, Inc.*, 56 Ill.App.3d 772, 372

N.E.2d 385, 392, 14 Ill.Dec. 374, 381 (1st Dist.1977). Indeed, it can become a question of law "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern Railroad Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504 (1967).

 Cook argues, among other things, that because he was unaware of the existence of an interior stairway and simply followed the Alleys up the exterior stairway that he could not possibly have been negligent. Nonetheless, it still remains a question of fact for the jury to determine if Cook's lack of knowledge was reasonable and whether he acted reasonably in simply following the Alleys up a stairway which might have appeared to be dangerous. The evidence does not so overwhelmingly favor Cook that he is entitled to judgment in his favor on the issue of contributory negligence as a matter of law. Accordingly, we conclude that the district court did not err in allowing Hoppin to argue to the jury that Cook's failure to use the interior stairway constituted contributory negligence.

Cook also argues that he is entitled to a new trial because the district court erred in giving the jury a "mere" or "unavoidable" accident instruction. The court did instruct the jury that "[t]he mere fact that an accident happened standing alone does not imply that the accident was caused by the negligence of either party."[4] Cook con-

---

3. The *Alvis* decision was held by the Court to be applicable "to all cases in which trial commences on or after June 8, 1981...." 52 Ill. Dec. at 35, 421 N.E.2d at 898. Accordingly, Cook's action is governed by the comparative negligence rule now in effect in Illinois.

4. The district court ruled that the instruction it gave was "not a 'mere accident' instruction," but rather only acknowledged, pursuant to the form of verdict employed in this case, that "the amount of negligence in each occurrence does not necessarily total 100 percent." The court further noted that the form of verdict used here has been approved by the Illinois courts.

 Without reaching the issue of the propriety of the form of verdict used, we disagree with the district court's conclusion that the jury was not

instructed on the issue of "mere accident." In *McNealy v. Illinois Central Railroad Co.*, 43 Ill. App.2d 460, 476–77, 193 N.E.2d 879 (1st Dist. 1963), the court found the following to constitute a mere or unavoidable accident instruction:

 [T]he mere fact of the happening of the occurrence is not of itself evidence of negligence on the part of the defendant. Before plaintiff can recover, she must prove that the defendant was negligent in one or more of the respects charged by her, that such negligence proximately caused the injuries suffered in the occurrence and that the plaintiff was in the exercise of ordinary care for her own safety immediately before and at the time of the occurrence.

tends that instructing the jury in such a manner is reversible error.

■■ In reviewing a district court's charge to the jury in a diversity action, the substance of the instructions is controlled by the applicable state law. *Simmons, Inc. v. Pinkerton's, Inc.,* 762 F.2d 591, 595 (7th Cir.1985). We therefore look to the law of Illinois to ascertain the propriety of the court's mere accident instruction. Illinois Pattern Jury Instruction No. 12.03 recommends that the "unavoidable accident" instruction never be given. *Illinois Pattern Jury Instructions-Civil* No. 12.03 (2d ed. 1971). Indeed, the comment to Instruction No. 12.03 provides that "[i]n Illinois when there is *any* evidence tending to prove that the plaintiff's injury was caused by negligence, it is reversible error to instruct on 'unavoidable accident.'" *Id.* (emphasis in original) (citing *Wolpert v. Heidbreder,* 21 Ill.App.2d 486, 158 N.E.2d 421 (3d Dist.1959)). *Accord Williams v. Matlin,* 328 Ill.App. 645, 649, 66 N.E.2d 719 (1st Dist.1946) (noting that "[i]t is only where there is evidence tending to show that the plaintiff was injured through accident alone not coupled with negligence that the giving of [the unavoidable accident] instruction is permissible."). *See McNealy v. Illinois Central Railroad Co.,* 43 Ill. App.2d 460, 477–78, 193 N.E.2d 879 (1st Dist.1963).

■■ In Cook's case, there is evidence in the record from which the jury could have concluded that Hoppin was negligent. Cook's expert witness testified that the stairway on which the fall occurred contained several design flaws. The expert noted the railing on the stairway was not constructed in accordance with good architectural practices and the building code then in effect. He also concluded that the stairs, which were made of smooth construction grade lumber and painted with regular house paint, should have had a nonslip surface in order to reduce the chance of a fall. Finally, the witness noted that in his opinion the stairway area had inadequate lighting. Although the jury was free to disregard the testimony of the expert witness, this does not negate the fact that there was some evidence presented which tended to show that Cook's injury may have been caused by Hoppin's negligence. On the basis of Illinois law, we therefore conclude that the district court erred in giving the jury a mere accident instruction.[5]

### III.

■■ Finally, beyond merely seeking a new trial, Cook argues that the district court erred in denying his motion for judgment notwithstanding the verdict. He contends that Hoppin was negligent as a matter of law in the construction of the stairway and that therefore judgment should be entered in his favor. In diversity actions, unlike our review of the district court's denial of a motion for a new trial where federal standards apply, "state law governs disposition of a motion for judgment notwithstanding the verdict." *F.W. Hempel & Co. v. Metal World, Inc.,* 721 F.2d

Comparing this instruction with the one given by the district court, we can only conclude that the instruction in Cook's case was in fact a mere accident instruction.

The district court did note that a suggested modification of the instruction in question indicates that what may appear to be a mere accident instruction actually is not. At the same time, the court did acknowledge that this modification was never adopted. We need not reach the issue of whether the instruction as modified would have alleviated the problem raised here, because by necessity our review focuses upon the instruction that was in fact given to the jury.

5. Given our resolution of this case, we need not consider whether the erroneous use of the mere accident instruction, in and of itself, would have constituted reversible error. *See Simmons,* 762 F.2d at 597 ("[a]n error in giving a particular instruction will not be considered reversible error unless, considering all the instructions, the evidence and the arguments that the jury heard, it appears that the jury was misled or did not have a sufficient understanding of the issues and its duty to determine them.").

610, 613 (7th Cir.1983). As before, therefore, we look to the law of Illinois.

 Like the question of whether an act will be considered negligent as a matter of law, judgment notwithstanding the verdict is properly granted by the trial court only when the evidence is so overwhelmingly in favor of the movant "that no contrary verdict based on that evidence could ever stand." *Pedrick,* 37 Ill.2d at 510, 229 N.E.2d 504. In reviewing a district court's denial of a motion for judgment notwithstanding the verdict, we apply the same standard that the lower court did in denying the motion. *Hempel,* 721 F.2d at 613.

 Applying *Pedrick* here, we conclude that the district court properly denied Cook's motion for judgment notwithstanding the verdict. We agree with the district court that the alleged negligence in the construction of the stairway is determinative only if we adopt Cook's version of the facts. If, however, the evidence is examined in the light most favorable to Hoppin, it could be concluded that Cook's fall was not the result of negligence in the construction and maintenance of the stairway. Indeed, there is some evidence in the record indicating that Cook fell off a porch at the top of the stairs instead of falling from the stairs themselves. From this perspective, any negligence in the construction and maintenance of the stairway is immaterial. Although at trial Cook denied having fallen from the porch and further argued that in any event the railing on the porch was negligently constructed, viewing the evidence in the light most favorable to Hoppin we conclude that it does not so "overwhelmingly" favor Cook that he is entitled to judgment notwithstanding the verdict.

### IV.

For the reasons stated above, we reverse the decision of the district court and remand the case for proceedings consistent with this opinion.