758

SHIRLEY HAMILTON, Indiv. and as Special Adm'r of the Estate of Mary Hamilton, Deceased, Plaintiff-Appellant, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Defendant-Appellee (The Village of Romeoville *et al.*, Defendants).

Third District   No. 3—87—0670

Opinion filed November 3, 1988.

Robert E. Haney and Nat P. Ozmon, both of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago (David Jeffrey Comeau, of counsel), for appellant.

Jane A. Zimmerman and Max Wildman, both of Wildman, Harrold, Allen & Dixon, of Chicago (Joel W. Rice, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

On July 28, 1981, plaintiff's decedent, Mary Hamilton, was one of four passengers in a car driven by Jesse Gomez. The group had been at a drive-in theater, but left around midnight when it began to rain. They stopped at a railroad crossing owned and maintained by the defendant, the Atchison, Topeka, & Santa Fe Railway Company, because the crossing gates were lowered and the signals were flashing. One of the passengers in the car testified that after approximately three minutes a car in front of Gomez passed around the gates and that after approximately seven minutes Gomez started across the tracks. The next thing the witness remembered was waking up in an ambulance. Gomez' car had been hit by a train which was also owned and maintained by the defendant. The impact killed Mary Hamilton. The engineer testified that the train's headlights were on bright and that he blew the standard crossing whistle approximately 1,500 feet from the crossing. Both the engineer and the brakeman saw Gomez' car stopped at the crossing. When the train was only 200 to 300 feet from the crossing, they observed Gomez' car start across the tracks. The engineer engaged the emergency brake and blew the whistle continuously until impact.

The plaintiff brought an 18-count complaint against several defendants. Counts I, II and III were directed against the instant defendant. Count III was dismissed by the trial court, and the plaintiff has not appealed the dismissal. Counts I and II alleged that the defendant negligently maintained and operated its crossing in one or more of several ways so that the crossing was defective, and that as a direct and proximate result of the negligent acts of the defendant,

Mary Hamilton was killed. Count I sought damages for the benefit of Mary Hamilton's survivors, and count II sought damages for the injuries suffered by Mary Hamilton as a result of the impact. The defendant moved for summary judgment as to counts I and II. The trial court granted the motion, finding that the defendant could not be held liable where it had no notice of any alleged defect in the crossing and where its alleged negligence was not the proximate cause of the accident. The plaintiff appeals both grounds of the trial court's ruling. We affirm.

■■ ■ Summary judgment is proper where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. It is a well-established rule in Illinois that a plaintiff may not recover for any alleged negligence on the part of a defendant unless such negligence proximately caused the plaintiff's injuries. The plaintiff contends that there was a material issue of fact presented as to whether the defendant's negligence was a proximate cause of the accident. The defendant responds that there was no such issue of fact and that Gomez' action in circumventing the crossing gate was the sole proximate cause of the accident. We agree with the defendant.

■■ In circumventing the wigwag signal, Gomez violated a statute designed for the protection of human life and property. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—1201(b).) Such a violation is *prima facie* evidence of negligence. Violation does not constitute negligence *per se,* however, for the evidence of negligence may be rebutted by proof that the party acted reasonably under the circumstances. Whether one acted reasonably is typically a question of fact for the trier of fact, but where the facts are undisputed and reasonable minds could not disagree, the question may be decided as a matter of law.

■■ The courts of Illinois have consistently recognized that railroad crossings are dangerous places and that in crossing them a person must exercise a degree of care commensurate with the danger to be anticipated. A person traversing a railroad crossing has a duty to look and listen for an approaching train. Such a duty may be excused where the view of the crossing is obstructed or where the plaintiff is distracted or misled without his fault. In such instances it is for the finder of fact to determine whether he acted prudently. *Coleman v. Illinois Central R.R. Co.* (1974), 59 Ill. 2d 13.

■■ In the instant case, it is undisputed that the crossing gates were lowered, the crossing lights were flashing, and the train was only 200 to 300 feet from the crossing when Gomez started across the

tracks. It is also undisputed that the train's headlights were on bright and that the engineer blew the standard crossing whistle approximately 1,500 feet from the crossing, as well as continuously when he saw Gomez' car start across the tracks. Under these circumstances, reasonable minds could only conclude that had Gomez exercised ordinary care before crossing the tracks he would have seen or heard the approaching train.

In so finding, we reject the plaintiff's argument that Gomez' view was obstructed. The plaintiff's evidence on this point was that because of the degree of the curve in the railroad track as it approached the crossing, Gomez would only have had about 10 seconds to drive around the gate on a clear day had he looked and not seen a train coming. Such evidence has nothing to do with the type of obstructed view referred to in cases dealing with that subject. (See *McEvers v. Missouri Pacific R.R. Co.* (7th Cir. 1975), 528 F.2d 220; *Gills v. New York, Chicago & St. Louis R.R. Co.* (1930), 342 Ill. 455.) Further, it fails to refute the defendant's evidence that the train was only 200 to 300 feet from the crossing and clearly visible when Gomez started across the tracks.

We likewise reject the plaintiff's argument that Gomez acted reasonably because he was distracted or misled without his fault. The misleading conditions according to the plaintiff were the gates which remained down for seven minutes with no train in sight and the car which safely proceeded around the gates four minutes before Gomez. We disagree that the lowered gates were misleading. The gates were performing the function for which they were designed, which is to warn motorists of an approaching train. Even if Gomez reasonably assumed the gates were malfunctioning, he could not simply disregard them. He still had a duty to exercise ordinary care and look and listen for an approaching train before proceeding across the tracks.

Neither do we agree that Gomez acted reasonably in circumventing the gates because the car in front of him proceeded safely across the tracks. The passenger in Gomez' car who testified on this point stated that after they had waited at the crossing for approximately three minutes, the car in front of Gomez proceeded across the tracks. After approximately four more minutes passed, Gomez started across the tracks. The plaintiff should not expect this court to be persuaded that a person could reasonably believe it is safe to circumvent a railroad crossing signal simply because another car did so four minutes earlier without making his own careful determination that it was safe to proceed.

For the foregoing reasons, we hold that the trial court properly

determined that any alleged negligence on the part of the defendant did not proximately cause the decedent's injuries, and, thus, the defendant could not be held liable as a matter of law. Because of our holding on the proximate cause issue, we need not address the other issues raised by the plaintiff on appeal. Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.