Clifford BLUMENFELD,
Plaintiff–Appellant,

v.

Andrew STUPPI, Defendant–Appellee.

No. 90–1018.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1990.

Decided Dec. 27, 1990.

Edgar A. Blumenfeld, Francis W. Golden, Chicago, Ill., for plaintiff-appellant.

Robert N. Hilbert, John M. Coleman, John M. O'Halloran, Coleman & O'Halloran, Chicago, Ill., for defendant-appellee.

Before COFFEY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In this diversity case, the plaintiff Clifford Blumenfeld ("Blumenfeld") appeals from a jury trial awarding him $2,000 for his personal injury claim. Blumenfeld argues that the District Court improperly excluded certain psychiatric testimony and should have ordered a new trial because the jury's award of damages was too low. We affirm.

## Background

This case results from a car accident. The defendant Andrew Stuppi ("Stuppi") rear-ended Blumenfeld, who was stopped at a red light. Stuppi conceded liability, so the only issue for trial was the amount of damages. At trial, the parties agreed that the accident injured soft tissue in Blumenfeld's eye, but that this physical injury soon healed. The parties disagreed, however, on Blumenfeld's claim of an ongoing, psychological vision impairment.

Blumenfeld sought to support his claim of ongoing impairment through the testimony of an eye surgeon, Dr. John Fournier, and a psychiatrist, Dr. Nicholas Dunkas. Unfortunately, Blumenfeld failed to respond adequately to Stuppi's discovery requests. Three days before the scheduled trial date of September 11, 1989, Blumenfeld had still failed to make Dr. Fournier available for deposition, to provide a written report containing Dr. Fournier's findings, or to provide any indication of Dr. Dunkas' findings. In response, the District Court issued a pre-trial order barring testimony by Drs. Fournier and Dunkas.

At Blumenfeld's behest, the District Court rescheduled the trial for October 24, 1989. In the interim, Blumenfeld provided Stuppi with a one-page written report of Dr. Fournier's findings and, four days before the rescheduled trial, produced Dr. Fournier for deposition. The only description that Blumenfeld provided of Dr. Dunkas' findings was in Dr. Fournier's deposition. The District Court lifted its prior order to the extent of allowing Dr. Fournier to testify as to his own findings at the rescheduled trial, but continued to bar any testimony by or about Dr. Dunkas. The jury awarded Blumenfeld $2,000, apparently based on the soft tissue damage that healed soon after the accident, with no award for Blumenfeld's claim of an ongoing disability.

## Exclusion of Testimony Regarding Dr. Dunkas' Findings

Blumenfeld argues at some length that the rule is that a doctor may ordinarily testify as to "reports and opinions from ... other doctors" that form the basis of his or her expert opinion. Fed.R.Evid. 703 advisory committee's note. Based on this rule, Blumenfeld claims that the District Court erred in refusing to allow Dr. Fournier to testify about Dr. Dunkas' findings. The problem with Blumenfeld's argument is that the District Court's decision had nothing to do with the ordinary rules of admissibility. The District Court excluded Dr. Dunkas' testimony as a *sanction* for Blumenfeld's failure to reveal those findings in a timely manner during discovery. And the District Court made clear that it would not allow Blumenfeld to "sneak Dunkas in here," and so defeat the sanction, by having Dr. Fournier testify as to Dr. Dunkas' findings. Transcript of Pretrial Conference on October 27, 1989. Blumenfeld's argument about the ordinary admissibility of testimony by Dr. Fournier about Dr. Dunkas' findings is thus irrelevant.

To establish error, Blumenfeld must show that the District Court abused its discretion in imposing its sanction. *See Godlove v. Bamberger, Foreman, Oswald, and Hahn,* 903 F.2d 1145, 1148 (7th Cir. 1990). It is hard to see how Blumenfeld could make this showing, given his failure to provide any information about Dr. Dun-

kas' findings until four days prior to the rescheduled trial. In any event, Blumenfeld has not contested the propriety of the sanction. In short, Blumenfeld fails to make any argument relevant to the District Court's exclusion of testimony regarding Dr. Dunkas' findings.

### New Trial

■ Blumenfeld argues that the $2,000 jury award was inadequate, and that the District Court erred in failing to order a new trial. "In a diversity action, 'the standard for reviewing a trial court's disposition of a motion for a new trial is controlled by federal law.' " *Cook v. Hoppin*, 783 F.2d 684, 687–88 (7th Cir.1986), *quoting Robison v. Lescrenier*, 721 F.2d 1101, 1104 (7th Cir.1983). Under federal law, "[t]he district court's denial of a motion for a new trial should be overturned ... only where the circumstances reveal a clear abuse of discretion." *Cook*, 783 F.2d at 688.

■ We find no clear abuse of discretion. As Stuppi's counsel pointed out in oral argument, the jury apparently disbelieved the testimony regarding Blumenfeld's claim of ongoing disability. This was reasonable, given that Blumenfeld was employed at the time of the trial in the demanding position of ambulance driver and emergency medical technician. Further, it appears that Dr. Fournier, who is not a psychiatrist, may not have been credible in testifying about Blumenfeld's psychiatric condition. Nothing hinges, of course, on the strict accuracy of these observations. The only point is that the record is capable of supporting the jury's verdict, even if

some would interpret that evidence differently. *See Fenolio v. Smith*, 802 F.2d 256, 259 (7th Cir.1986) (stating, "We cannot order a new trial on damages merely because we, as a reviewing court, believe the jury's award was too low. The assessment of damages is particularly within the province of the jury as the trier of fact."). The District Court did not clearly abuse its discretion in denying Blumenfeld's motion for a new trial.*

### Conclusion

For the reasons discussed above, the District Court's judgment is AFFIRMED.

---

* Blumenfeld has waived two other arguments that he attempts to make. First, Blumenfeld contends that the District Court conducted an improper, *ex parte* hearing regarding Blumenfeld's motion for a new trial. This argument is waived, however, because Blumenfeld's counsel did not properly include in the record the affidavit in which he explains his failure to appear for this hearing. In any event, this argument fails on the merits because Blumenfeld does not assert any specific prejudice from the hearing and because it is clear from the transcript that the District Court considered the written arguments that Blumenfeld had previously submitted. *See Simer v. Rios*, 661 F.2d 655, 679 (7th Cir.1981) (finding no error in an *ex parte*

hearing, where, among other things, the absent party suffered no prejudice and the district court considered the absent party's arguments in reaching its decision). Blumenfeld also tries to argue that defense counsel asked improper questions in cross-examining Blumenfeld. But Blumenfeld failed to object during the trial, and this Court has held "on numerous occasions ... that 'if a party fails to press an argument before the district court, he waives the right to present that argument on appeal.' " *Datamatic Services, Inc. v. United States*, 909 F.2d 1029, 1034 (7th Cir.1990), *quoting Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 271 (7th Cir.1988).