**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PHYLLIS T. NINAHUALPA; THE
SAN JOSE CORPORATION,

Plaintiffs-Appellants,

v.

CLYDE A. MARTINEZ, individually
and doing business as Z-4 Tractor
Company; GREG URBAN
MARTINEZ, individually and doing
business as Z-4 Tractor Company; and
Z-4 ENTERPRISES, INC., a New
Mexico corporation, as successor in
interest to Z-4 Tractor Company, a
proprietorship,

Defendants-Appellees.

No. 96-1509
(D.C. No. 95-WY-2359-CB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs commenced a diversity action for personal injury and property damages incurred by them as the result of an accident in which the vehicle owned by plaintiff the San Jose Corporation and driven by plaintiff Phyllis T. Ninahualpa collided with a parked dump truck owned by defendants. The case was tried to a jury. The jury found that although defendants were negligent, their negligence did not cause the plaintiffs' injuries. Plaintiffs thereafter moved for judgment as a matter of law or in the alternative for a new trial. The district court denied the motion. Plaintiffs appealed, raising the five issues addressed below. We affirm.

Plaintiffs first argue that the district court abused its discretion in failing to grant a continuance of the trial because their substituted counsel had insufficient time to prepare for trial and the lack of adequate time prejudiced the presentation of their case. Plaintiffs, however, fail to indicate how they were prejudiced or what, if any, additional trial preparation was needed. Under the circumstances, we conclude the district court did not abuse its discretion in denying the motion for a continuance. See Fulton v. Coppco, Inc., 407 F.2d 611, 612-13 (10th Cir. 1969).

Plaintiffs argue the district court erred in not granting their motion for judgment as a matter of law on liability and submitting the case to the jury only on the issue of damages. According to plaintiffs, there was no evidence from which the jury could properly find that defendants' negligence was not the cause of their damages.

> We review de novo the district court's denial of a motion for judgment as a matter of law under Fed. R. Civ. P. 50. . . . We will reverse the denial of a Rule 50 motion only if the evidence points but one way and is susceptible to no reasonable inferences supporting the nonmoving party. We do not weigh the evidence, pass on the credibility of witnesses, or substitute our conclusions for that of the jury. However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim under the controlling law.

Yearous v. Niobrara County Mem'l Hosp., No. 96-8108, 1997 WL 650954, at *1 (10th Cir. Oct. 21, 1997) (citations, ellipses, and internal quotations omitted). Applying this standard, after reviewing the provided portions of the trial transcript and the inferences therefrom in the light most favorable to plaintiffs, see Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1522 (10th Cir. 1997), we conclude the district court properly denied the motion for judgment as a matter of law. Furthermore, we conclude that none of the cases plaintiffs cite establish any error under the circumstances of this case.

Plaintiffs next argue the district court abused its discretion in denying their motion for a new trial because the verdict was against the weight of the evidence

and Dr. Herrington's testimony that he recalled that someone had told him that plaintiff had perhaps fallen asleep before the accident was inadmissible hearsay evidence. The district court's denial of a motion for new trial is reviewed for an abuse of discretion. See Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1193 (10th Cir. 1997). We will reverse only if the district court made a clear error of judgment or exceeded its bounds of permissible choice, see Weese v. Schukman, 98 F.3d 542, 549 (10th Cir. 1996), such that the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence, see Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1125 (10th Cir. 1995). Our review of the record convinces us that the district court did not abuse its discretion in denying the motion for a new trial.

Plaintiffs' fourth argument is that the district court abused its discretion in denying their motion in limine to redact the portions of Dr. Herrington's deposition testimony and his medical notes indicating that Ms. Ninahualpa had perhaps fallen asleep prior to the accident. Plaintiffs believe this evidence was hearsay that did not fall within the business records exception to the hearsay rule, Fed. R. Evid. 803(6). We agree. See TK-7 Corp. v. Estate of Barbouti, 993 F.2d 722, 729 (10th Cir. 1993); see also Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 279 (5th Cir. 1991); Ricciardi v. Children's Hosp. Med. Ctr., 811 F.2d 18, 22-23 (1st Cir. 1987); Cook v. Hoppin, 783 F.2d 684, 689-90 (7th Cir. 1986); Petrocelli

v. Gallison, 679 F.2d 286, 289-91 (1st Cir. 1982). Nonetheless, giving deference to the district court's evidentiary rulings, see Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1433 (10th Cir. 1993), we also agree with the district court's determinations in denying the motion in limine and alternative motions for judgment as a matter law or a new trial that any error in admitting the evidence was harmless and that plaintiffs essentially waived any complaints with respect to the evidence due to the tardiness of their motion in limine. Accordingly, we conclude the district court did not abuse its discretion in admitting the evidence. See id.

Finally, plaintiffs argue that the cumulative effect of the court's denial of the motion to continue, admission of Dr. Herrington's hearsay testimony, and admission of Trooper Godsey's testimony that the accident could have occurred due to Ms. Ninahualpa's momentary inattentiveness denied them a fair trial. Because there were no errors, this argument is without merit.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-